THE PENNSYLVANIA COMPANY

*v.*

ALBERT FRANA.

*Filed at Ottawa November 17, 1884.*

1.  NEGLIGENCE—*care required of persons crossing railroad track.*  It is the duty of a person about to cross a railroad track, to approach cautiously, and endeavor to ascertain if there is present danger in crossing; and when the railroad track and crossing are so situated that the approach of a train can not be seen, it may be the duty of a person about to cross, to stop and look, to ascertain if a train is coming.

2.  SAME—*whether proper care exercised—a question of fact—of instructions in respect thereto.*  It is a question of fact for the jury to determine, from the evidence, whether a person receiving an injury from the alleged negligence of another, and who sues to recover therefor, has exercised proper care and caution on his part, and not one of law.  It is not for the court to tell the jury that certain facts constitute negligence, and an instruction so telling the jury is erroneous.

3.  In an action against a railway company, the court was asked by the defendant to instruct that if the jury believed, from the evidence, that the plaintiff "could have discovered the approach of defendant's train, and avoided the injury in question by having stopped his mule before driving upon the

Syllabus.

| 112 | 398 |
| 184 | 391 |
| f88a | 51 |
| 112 | 398 |
| 89a | [1]345 |
| 112 | 398 |
| 190 | [2]138 |
| 190 | [2]139 |
| 190 | [2]306 |
| 190 | [2]494 |
| 112 | 398 |
| 195 | [2]163 |
| 112 | 398 |
| 102a | [2]325 |
| 112 | 398 |
| 203 | [3]516 |
| 112 | 398 |
| 111a | [1]252 |

track, and looking and listening for the approach of said train, then he can not recover in this case, unless," etc.: *Held*, properly refused, as it virtually took the question of fact (plaintiff's care or negligence) from the jury.

4. In the same case the defendant asked the court to instruct the jury "that those in charge of the train which collided with the plaintiff were not bound to stop the same in anticipation that plaintiff might drive upon the track," which the court refused: *Held*, properly refused, as invading the province of the jury, and taking the question of negligence from them.

5. There may be cases where a railroad company or its servants would be under no obligation whatever to stop its train, and on the other hand there may be cases where a failure to do so would be gross negligence. Whether it is, or not, in a particular case, is a question exclusively for the jury to determine, from the evidence.

6. An instruction which merely informs the jury that what a person, on approaching a railroad crossing, should do in order to exercise ordinary care for his safety, and what should be done in operating a railway in order to exercise the same degree of care for the safety of others, is a question of fact for the jury to determine, from the evidence, is substantially good, and there is no error in giving the same in an action against a railroad company, to recover damages arising from a collision at a crossing in a public street.

7. SAME—*defence that the person injured was aiding in the violation of an ordinance.* The fact that a plaintiff injured by a collision with a passing train of a railroad company, was, at the time of the accident, in the employment of a lumber firm who kept more than ten thousand feet of lumber stored in one place without a permit, in violation of a city ordinance, is no defence to an action against the railroad company to recover for the injury caused by its negligence, and evidence of such facts can not have any legitimate bearing on the question of negligence, or the defendant's liability. Even a violator of the ordinance is entitled to the same protection as any other citizen.

8. ALLEGATIONS AND PROOFS—*must correspond.* If the negligence of a defendant in a suit for an injury is established by the evidence, that evidence must necessarily have been confined to the averments of the declaration, as negligent acts not averred in the declaration can not be proven.

9. INSTRUCTIONS—*as explaining the reason for refusing others asked.* The court gave the jury an instruction on its own motion, in the first part of which was stated the reason why certain instructions were refused: *Held*, that this was not a proper subject for the consideration of the jury, but as the instruction could not have affected the verdict, the giving of it was no ground for reversal.

10. SAME—*instruction construed, as whether leaving jury to determine applicability of an ordinance.* In an action to recover for a personal injury caused by negligence, the court instructed the jury that if the plaintiff, while exercising ordinary care to avoid the injury, was injured by the negligence of

the defendant, as charged in the declaration, they should find for the plaintiff. One count of the declaration charged the defendant with negligence in failing to have a flagman at the place of the accident, in violation of an ordinance of the city of Chicago: *Held*, that the words, "as charged in the declaration," did not leave it to the jury to determine the applicability of the ordinance to the circumstances of the case, and that the instruction was a proper one.

    11.   SAME—*whether the jury are told they may give punitive damages— in an action for personal injury from negligence.*   In case against a railway corporation for negligence resulting in a personal injury, the court instructed the jury that if they found for the plaintiff, then, in fixing the damages, they should take into consideration all the circumstances as disclosed by the evidence, "such as the circumstances attending the injury."   There was no evidence given to authorize exemplary damages, and none were claimed by the plaintiff:   *Held*, that the instruction was not open to the objection that it authorized the jury to give punitive damages under the circumstances, and could not have misled the jury.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

This was an action brought by Albert Frana, against the Pennsylvania Company, to recover for a personal injury received by the plaintiff while attempting to cross the railroad track of the defendant with a wagon and team, attributing the accident to the alleged negligence of the defendant's servants in the management of its train.   A judgment in favor of the plaintiff in the trial court was affirmed in the Appellate Court, and the defendant brings the cause to this court on his further appeal.

Messrs. WILLARD & DRIGGS, for the appellant:

Appellee's employers were guilty of negligence in two respects, viz:

*First*—In keeping their lumber yard at the place in question without a permit from the city council, as required by ordinance.   The failure of any person to perform a duty imposed by legal authority is *prima facie* negligence.   *Rail-*

*way Co.* v. *Loomis,* 13 Ill. 548; *Railway Co.* v. *Terhune,* 50 id. 151; *Weick* v. *Lauder,* 75 id. 93; *Railway Co.* v. *Berlink,* 2 Bradw. 427; Shearman & Redfield on Negligence, sec. 39.

*Second*—Appellee's employers were guilty of negligence in piling their lumber so high on the north-east corner of the yard as that drivers of their wagons coming from the west, and drivers of trains from the south, could not see each the other approach to the point of crossing at said corner. *Rail-road Co.* v. *Payne,* 49 Ill. 499; *Railway Co.* v. *Larmon,* 67 id. 68; *Railway Co.* v. *Maxfield,* 72 id. 95; *Railroad Co.* v. *Hillmer,* id. 235; *Railway Co.* v. *Smith,* 78 id. 112; *Railroad Co.* v. *Lee,* 87 id. 454; *Railway Co.* v. *Pennell,* 94 id. 448.

The negligent conduct of appellee's employers, as aforesaid, is chargeable to the appellee himself.

The plaintiff unnecessarily and voluntarily placed himself in known danger. In such case he can not recover compensation for an injury. *Railway Co.* v. *Gretzner,* 46 Ill. 755; *Railway Co.* v. *Bell,* 70 id. 102; *Railway Co.* v. *Harwood,* 80 id. 88; *Railway Co.* v. *Hetherington,* 83 id. 510; *Railway Co.* v. *Hart,* 87 id. 529; *Railway Co.* v. *Dimick,* 96 id. 42; *Railway Co.* v. *Garland,* 8 Bradw. 571.

A railway company will not be held liable for an injury for failing to place a flagman at points not required by law or common usage. *Beisiegel* v. *Railroad Co.* 40 N. Y. 9; *Weber* v. *Railroad Co.* 58 id. 451; *Welsch* v. *Railway Co.* 72 Mo. 451; *Kenney* v. *Crocker,* 18 Wis. 74.

Railway trains have the preference or prior right to passage, and it is the duty of persons in charge of vehicles drawn by animal power to give way to cars propelled by steam power. *Railroad Co.* v. *Lee,* 87 Ill. 454; *Hugan* v. *Railway Co.* 15 N. Y. 380; *Wilbrand* v. *Railway Co.* 3 Bosw. 314; *Commonwealth* v. *Temple,* 14 Gray, 69; *McCarty* v. *State,* 37 Miss. 411; *Zimmerman* v. *Railroad Co.* 71 Mo. 476; *Railroad Co.* v. *Damerell,* 81 Ill. 450; Pierce on Railroads, 342.

Mr. JAMES FRAKE, and Mr. CHARLES E. PICKARD, for the appellee, after stating the facts, made the following points:

The plaintiff was bound to exercise only ordinary care. *Railroad Co.* v. *Grimes,* 13 Ill. 585 ; *Stratton* v. *Horse Railway Co.* 95 id. 25.

What constitutes such ordinary care, and what is an absence of ordinary care on the part of the defendant, is a question of fact, to be determined by the jury from all the circumstances of the case, as disclosed by the evidence. *Railroad Co.* v. *Haworth,* 39 Ill. 346 ; *Kolb* v. *O'Brien,* 86 id. 210 ; *Garland* v. *Railway Co.* 8 Bradw. 571 ; *Schmidt* v. *Railway Co.* 83 Ill. 405 ; *Railway Co.* v. *Donahue,* 75 id. 106 ; *Railway Co.* v. *Ryan,* 70 id. 211 ; *McClelland* v. *Mitchell,* 82 id. 35 ; *Johnson* v. *Smallwood,* 88 id. 73.

The absence of the flagman was, at the time and under the circumstances, gross negligence on the part of appellant, because required at that point by city ordinance, and because required at the point, under the circumstances, as a matter of ordinary and usual precaution on the part of the company. *Railway Co.* v. *Dunn,* 78 Ill. 197 ; *Kinney* v. *Crocker,* 18 Wis. 74 ; *Welsch* v. *Railway Co.* 72 Mo. 451.

Even if it were no part of the flagman's duty to flag appellee, yet his omission to do so was negligence, as he had always done so before, and his absence was a tacit representation that all was right, and virtually an invitation to come upon the track. *Lunt* v. *Railway Co.* 1 L. R. Q. B. 277 ; *Stapley* v. *Railway Co.* 1 L. R. (Ex.) 21.

The absence of the flagman, upon whose presence, when a train was approaching, Frana had been taught to rely, excused him from stopping, in addition to looking and listening, —that is, rendered it unnecessary at the time as a constituent factor in "ordinary care" and "due diligence." *Railroad Co.* v. *Tuplett,* 38 Ill. 483 ; *Railroad Co.* v. *Lee,* 87 id. 454 ; *Railroad Co.* v. *Hillmer,* 72 id. 235.

Even if appellee were negligently upon the track, yet if by the exercise of ordinary care and diligence the servants of appellant could have seen him in time to have stopped the train and thus have avoided the accident, a failure to thus stop the train would render appellant liable. *Railway Co.* v. *Kellam,* 92 Ill. 245; *Springall* v. *Ball,* 4 F. & F. 472; *Harlan* v. *Railway Co.* 65 Mo. 22.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

No question is made in regard to the admission or exclusion of evidence. The only question, therefore, to be considered is, whether the law governing the case was properly given to the jury by the instructions of the court.

The court gave two instructions on behalf of the plaintiff, and they are both claimed to be erroneous. The first in substance directed the jury that if they believed, from the evidence, that the plaintiff, while exercising ordinary care to avoid the injury, was injured by the negligence of the defendant, as charged in the declaration, they will find for the plaintiff. The second count of the declaration charged the defendant with negligence in failing to have a flagman at the place of the accident, in violation of an ordinance of the city of Chicago, and it is claimed that the words of the instruction, "as charged in the declaration," left the jury to determine the applicability of the ordinance to the circumstances of the case. We think this is a misapprehension of the meaning of the instruction. Whether the railroad was required to keep a flagman at the place of the accident, whose duty it was to flag persons who attempted to cross the track, was not alluded to or mentioned in the instruction. If the negligence of the defendant was established by the evidence, that evidence was necessarily confined to the averments of the declaration, as negligent acts not averred in the declaration could not be proven,—and we perceive no substantial objection to the instruction.

The second instruction, to which objection is made, declared, in substance, that if the jury believed, from the evidence, under the instructions of the court, that the plaintiff was entitled to recover, then, in fixing the damages, the jury should take into consideration all the circumstances as disclosed by the evidence, "such as the circumstances attending the injury." Under this last clause of the instruction, counsel for appellant urge that the jury might give punitive damages. There was no evidence introduced on the trial which would authorize the jury to give punitive damages, and by the terms of the instruction they were limited and confined to the evidence in making a verdict. Indeed, so far as appears from the record, there was no pretence on the part of plaintiff that he was entitled to recover punitive damages. As no such claim was made, and as no evidence was offered to establish a claim of that character, the instruction could not have misled the jury.

The court refused defendant's instruction No. 1, which was as follows:

"The jury are instructed that it is the duty of a person, before attempting to cross a railway track, to stop, if necessary, and look and listen for the approach of trains, before entering upon such track; and if the jury believe, from the evidence, that the plaintiff in this case could have discovered the approach of the defendant's train, and avoided the injury in question by having stopped his mule before driving upon the track, and looking and listening for the approach of said train, then he can not recover in this case, unless the jury shall believe, from the evidence, that the agents or servants of the defendant were guilty of gross negligence in the operation of said train."

—And this decision is relied upon as error. It is no doubt true that it is the duty of a person about to cross a railroad track, to approach cautiously, and endeavor to ascertain if

there is present danger in crossing; and where the railroad track and crossing are so situated that the approach of a train can not be seen, it may be the duty of a person about to cross, to stop and look, to ascertain if a train is coming; but it is always a question of fact for the jury to determine, from the evidence, whether the person injured has exercised proper care and caution in crossing a railroad track, and not a question of law. It was the province of the jury to determine whether the plaintiff was guilty of negligence, and not for the court to tell the jury that certain facts constituted negligence. The instruction, as drawn, took the question of fact from the jury, and hence was erroneous, and for this reason the court did not err in refusing it.

The defendant's ninth instruction, which the court refused, is liable to the same objection. It declared: "The jury are instructed that those in charge of the train which collided with the plaintiff were not bound to stop the same, in antici- pation that plaintiff might drive upon the track." It was for the jury to determine, from all the evidence, whether those in charge of the train were guilty of negligence in not stopping the train before the collision occurred. Cases might occur where a railroad would be under no obligation whatever to stop its train, and on the other hand cases might arise where a failure to do so would be gross negligence. Each case must be determined by its facts, and those facts are for the jury.

On the trial the defendant read in evidence an ordinance of the city of Chicago, to the following effect: "No person, without first obtaining a permit therefor from the city coun- cil, shall hereafter establish or keep any lumber yard, or place for the storing, or piling, or deposit of lumber for sale, in quantities exceeding ten thousand feet, upon any land within the limits of the city, except such land fronts or abuts on navigable water." The defendant also introduced evi- dence that Parsons & Foster owned the lumber yard where appellee was employed in hauling lumber, at the time of the

accident; that they bought and sold lumber by the cargo, and the average quantity kept in their yard was three millions of feet. It was also proven that the premises occupied as a lumber yard did not front or abut on navigable water, and it was not proven that Parsons & Foster had a permit from the city, as required by the ordinance. Under this evidence the defendant requested the court to give the following instruction:

"If the jury believe, from the evidence and the instructions of the court, that the lumber yard of Parsons & Foster, located on the corner of Fulton and Canal streets, in the city of Chicago, Cook county, Illinois, did not abut or front on navigable waters, and that said Parsons & Foster stored and kept therein lumber in quantities exceeding ten thousand feet, then the keeping of said yard by said Parsons & Foster was illegal, unless the jury shall find, from the evidence, that the said Parsons & Foster had a permit from the common council to keep said lumber yard; and the hauling of lumber to said yard, and the crossing of the defendant's tracks for the purpose of hauling lumber, would in such case be illegal and wrongful on the part of the plaintiff, as an employe or servant of said Parsons & Foster."

This and several other instructions announcing in a different form the same principle, were refused. We do not think that the ordinance had any legitimate bearing on the case, or on the rights or duties of the parties. It was doubtless passed to guard against the destruction of property by fire, and had no reference whatever to the duties of a railroad company, or the rights of an individual who might be employed by any one who kept lumber in quantity at a place prohibited by the ordinance whose duties might require him to cross the railroad track. Again, if Parsons & Foster kept a lumber yard contrary to the ordinance of the city of Chicago, that was a matter resting entirely between the firm and the city

authorities, and in no manner concerned appellant,—so far, at least, as the railroad was required by law to run its trains. Parsons & Foster, and their employes, were entitled to the same protection in crossing the railroad track, although they kept a lumber yard in violation of the ordinance, as any other citizen of Chicago who might have occasion to cross the railroad track. If appellee had been a trespasser in going upon the railroad track, a different question might arise, but he was not. He had a right to cross the railroad track, which was constructed on a public street, and the company, in operating its trains, was bound to exercise proper care to avoid injury. If we are correct in this view, it follows that the instruction, and others announcing a similar principle, were properly refused by the court.

The court, on its own motion, gave one instruction to the jury, to which exception was taken. In the first part of the instruction the court gave the reason why certain instructions were refused. We do not understand that this was a proper subject for the consideration of the jury; but as the instruction could not affect the verdict, it could do no harm to appellant, and hence can not be relied upon to reverse the judgment. The latter part of the instruction merely informs the jury that what a person approaching a railroad should do in order to exercise ordinary care for his safety, and what should be done in operating a railway in order to exercise the same degree of care for the safety of others, is a question of fact, for the jury to determine, from the evidence. We perceive no substantial objection to this portion of the instruction.

The judgment will be affirmed.

*Judgment affirmed.*