## No. 1,211.

## THE KENTUCKY AND INDIANA BRIDGE COMPANY v. McKINNEY.

PLEADING.—*Action in Tort.*—*Sufficiency of Complaint.*—*When Specific Averments Do not Show Contributory Negligence.*—*Railroad.*—*Passenger.*—In an action founded in tort, the complaint showed, that defendant was engaged in operating a railroad, as a common carrier, a part of which was an elevated railroad, and that at the point where the accident occurred the road is constructed upon an iron viaduct or trestle work at an elevation of fifteen feet above the level of the street; that plaintiff was a passenger on a train on said road, and that at the station where the accident occurred the defendant negligently and carelessly stopped the car in which plaintiff was, and discharged plaintiff therefrom at a point on its said road on the north side thereof, where there was no platform or other railing or barrier, upon, over or about said trestle work, and that the steps of said car, on the north side thereof, extended to the outer edge of the trestle work, and that when the defendant discharged him from the car at the station, he walked out at the rear door onto the platform of the car, and thence down the steps on the north side thereof, and as plaintiff stepped therefrom, without fault, carelessness or negligence on his part, he fell, and was thrown and precipitated, with great force and violence, to and upon the street below, a distance of sixteen feet; that it was the first time plaintiff had ever traveled on said railroad, and that he had no knowledge whatever of the exposed, open and unsafe condition thereof; that it was dark and rainy when he emerged from the car and fell off, and that on account of it being dark and rainy he could not, and did not, see the exposed, unsafe and unprotected condition thereof before he fell.

*Held*, that the specific averments of fact in the complaint do not show that the plaintiff was guilty of negligence, notwithstanding the general averment of freedom from contributory negligence, and that the complaint is sufficient.

EVIDENCE.—*Irrelevant to Issue.*—*Tort.*—*Negligence.*—In an action in tort, it is not error to exclude testimony of negligence of the defendant which has no relation to the cause of the injury.

RAILROAD.—*Passenger Alighting From Train.*—*Injury.*—*Contributory Negligence.*—*Law and Fact.*—Where a passenger on an elevated railroad, in the night time, when it was dark and raining, and without looking, inquiring or investigating, voluntarily alighted from the

train on its arrival at the station of his destination, stepping from the train on the wrong side, and thereby being precipitated to the street below, a distance of sixteen feet, greatly injuring him, it being so dark that he could not see where he was alighting, there being no person or barrier of any kind to admonish him of his mistake, the question of contributory negligence is a question to be determined by the jury, taking into consideration all the facts and circumstances in connection with the alighting.

INTERROGATORIES TO JURY.—*Answers to.*— *When General Verdict Will Stand.*— *Railroad Passenger.*— *Contributory Negligence.* —That the general verdict is not overcome by the special finding in answers to interrogatories, see opinion.

Dissenting opinion by REINHARD, J.

From the Clark Circuit Court.

*A. Dowling* and *M. Z. Stannard,* for appellant.

*J. K. Marsh,* for appellee.

DAVIS, C. J.—The appellee, in the court below, recovered judgment against appellant for three thousand five hundred dollars, on account of personal injuries.

The errors assigned in this court are:

1. That the court erred in overruling the demurrer to the first paragraph of complaint.

2. That the court erred in overruling the demurrer to the second paragraph of complaint.

3. That the court erred in overruling appellant's motion for a new trial.

4. That the court erred in overruling appellant's motion for judgment on the interrogatories returned with the general verdict.

The contention in support of the first and second errors assigned is, that notwithstanding appellee alleges in his complaint, that the accident in which he was injured was not caused by fault or negligence on his part, still the specific facts set forth in the body of the complaint show that he was guilty of contributory negligence.

So far as this question is concerned, the two para-

graphs are almost identically the same.    The allegations in the second paragraph of the complaint, on which the case seems to have been tried, briefly epitomized, are, in substance, that appellant was engaged in operating a railroad, as a common carrier between the cities of New Albany and Louisville, a part of which is commonly called an elevated road, and that at the point where the accident occurred, at its station at the intersection of First and Fulton streets, in the city of Louisville, the road is constructed upon an iron viaduct or trestle work at an elevation of sixteen feet above the level of the street; that on the 11th day of November, 1890, appellee was a passenger on a train on said road, "and, he says, that upon arriving at said last named station, the defendant carelessly and negligently stopped the said car in which the plaintiff was, and discharged the plaintiff therefrom, at a point on its said road, and on the north side thereof, at said station, where there was no platform or other covering, railing or barrier, upon, over, or about said viaduct or trestle work, and where the said track was placed, located, and maintained so near to the outer edge or margin of said viaduct and trestle work that the steps of said car on the north side thereof, when stopped, extended to the outer edge or margin of said viaduct or trestle work, and the plaintiff says that when the defendant discharged him from said car at the said station, he walked out of the rear door onto the platform of said car, and thence down the steps on the north side thereof, and as he stepped therefrom, and without any fault, carelessness or negligence on his part, there being no platform, covering, barrier or railing upon or about the said viaduct and trestle work, he fell, and was thrown and precipitated with great force and violence to and upon the street and macadam road below, a distance of sixteen feet.

    The plaintiff says that this was the first time that he had

ever traveled or been on said railroad or viaduct, and that he had no knowledge whatever of the exposed, open, and unsafe condition thereof, and that it was dark and rainy when he emerged from the car and fell off over and through said viaduct and trestle work, and on account of it being dark and rainy, he could not and did not see the said exposed, unprotected, and unsafe condition thereof before he fell and was thrown therefrom as aforesaid.''

This is a sufficient reference to the allegations of the complaint to present the question involved.

Counsel for appellant earnestly insist that inasmuch as it appears that the train upon which appellee was riding, and from which he was in the act of taking his leave at the time he sustained his injuries, was on a trestle sixteen feet above the ground, and as the complaint does not negative the idea that he knew this fact, the inference naturally arises that the fact that he was upon the trestle was known to him, and that having such knowledge he was required, when leaving the train on this occasion, to exercise his senses by taking observations as to his position and surroundings before leaving the train.

The contention is that the general averment that appellee was without fault, is overcome by the facts specially pleaded, which, counsel insist, clearly show that he was guilty of contributory negligence. It is conceded that under ordinary circumstances appellee would have been justified in leaving the train upon the simple invitation from appellant's employes, but it is urged that it is not shown that he exercised, on this occasion, diligence in proportion to the danger confronting him.

We can not assent to the assertion of counsel, that the complaint does not show that the appellee was free from fault. The appellee was not required, by specific aver-

ment, to show in what particulars he was in the exercise of due care, and wherein he refrained from doing negligent acts. *Ohio, etc., R. W. Co.* v. *Walker,* 113 Ind. 196.

Moreover, the appellee had the right to assume that the approaches, the tracks around, and the platform and places for entering and leaving the cars, at the point where he was discharged as a passenger on this occasion, were in a reasonably safe condition for such purpose. *Grand Rapids, etc., R. Co.* v. *Cox,* 35 N. E. Rep. 183; *Pennsylvania Co.* v. *Marion,* 123 Ind. 415.

It will suffice to say that, in our opinion, the specific averments of fact in the complaint do not show that appellee was guilty of contributory negligence in leaving and stepping from the train in the manner and under the circumstances therein alleged. The general allegation that appellee was free from fault has not been overcome by the other facts specially averred, so as to render the complaint subject to demurrer for want of facts.

There was no error in overruling the demurrer to the complaint.

The appellant answered:

1st. The general denial.

2d. That appellant had and maintained on the south side of said railroad, at said station, a good, safe, sufficient, and convenient platform for the use of passengers using said cars and trains and alighting therefrom or getting upon the same, and that the north side of said railroad and trestle had not been, at any time, used by appellant for the purpose of a station or landing place for passengers upon said trains, and that appellee wrongfully and negligently left said train upon the north side thereof, and that in consequence of his violation of the rules and regulations of the company he sustained his injuries.

3d. The same, substantially, as the second, with the additional averment that appellee knew of such rules and regulations requiring passengers to alight on the south side.

4th. In substance, contains all the allegations in both second and third, with the additional averment that when the train reached the station the brakeman notified appellee and other passengers to leave the car at the east end thereof, at which point it was entirely safe for them to do so.

Appellee replied by a general denial.

We have deemed this reference to the issues proper, if not necessary, in order to more fully and clearly present and understand the merits of some of the remaining questions hereinafter considered.

It is next insisted that the court erred in overruling appellant's motion for a new trial. The facts which the evidence tends to prove are, that appellant's road, station, and platform, at the point where the accident occurred, are constructed upon an open viaduct or trestlework at an elevation of sixteen feet above the level of the street; that at the time of the accident there was a platform 180 feet long on the south side of appellant's track for the use of passengers in entering and leaving trains; that at the west end of this platform there was then a large space where the ties forming a part of such viaduct or trestle work, on the south side of the tracks, had not been covered by a flooring; that afterwards this platform was extended west over such uncovered space, making a larger platform for the use of the traveling public on the south side of the tracks; that there was neither barriers nor platform on the north side, but that the steps on a car on the north track extended on that side to the north edge of the viaduct or trestle work referred to; that on the 11th of November, 1890, appellee was a passenger

on one of appellant's trains going east on the north track; that this train reached the station at the intersection of First and Fulton streets, mentioned in the complaint, which was appellee's destination, in the evening, after dark; that appellee had never before been on appellant's road or at that platform or station, and that he had no knowledge as to how the same were arranged or constructed, but did know the road was elevated at that place; that when the train reached the station, which was near the Ohio river, he saw the boat which he was anxious to take in order to reach his home in New Albany, at the landing about ready to start, and, therefore, when the train stopped, and before the name of the station was announced, and without any knowledge as to where the platform of the station was or where passengers were to leave the train, the appellee got up and walked out of the rear door, in a hurry, on to the steps of the car in which he was riding, and, without stopping to look for a platform there, stepped off the car on the north side into the darkness, to the ground, a distance of sixteen feet below, and as the result of his fall he was greatly and permanently injured, etc.

It also appears that the platform at the rear end of this car was provided with gates on both sides, and in this connection appellee testified, in substance, that at the first station below this station, on that evening, passengers got off the cars on the north side, which fact he then observed, and that when he went to the rear end of the car there was no light, and no one there to indicate to him on which side to get off, nothing to indicate whether he could get safely off on one side or the other, and nothing to obstruct his passage out onto or from the steps at the rear end of the car, and as there was nothing to admonish him that he should not leave the car on that side

and at that place, he stepped off as he ordinarily would, supposing that there was a footing or landing.

Amongst the reasons assigned in the motion for a new trial is the ruling of the trial court in admitting, over the objections of appellant, the testimony of three witnesses in relation to the extension of the platform, on the south side of the tracks, after the accident, to which we have referred.

*Terre Haute, etc., R. R. Co.* v. *Clem,* 123 Ind. 15, is relied upon to support this proposition. It may be conceded that evidence of repairs made after an injury has been sustained is incompetent to show antecedent negligence.

Counsel for appellee contend that the evidence was admissible on the issue tendered by appellant's special answers that the platform on the south side was at the time of the accident good, safe and sufficient. Aside, however, from this view, the difficulty is. that the rule enunciated in the case cited has no application to the question presented for our consideration. It is, and was at the trial, conceded by all parties, that the injuries, on account of which appellee seeks to recover damages in this action, were occasioned by stepping off the car on the north side. No evidence was introduced tending to prove that there was any change by repairs or otherwise at the point where the accident occurred.

Negligence, in any case, is only actionable when it is the proximate cause of the injury for which damages are sought. If appellant was negligent, at the time of the accident, on account of the open spaces and holes between the cross-ties at the west end of the platform on the south side, it is conceded that such negligence did not, in any manner, contribute to appellee's injury. Therefore, if the change or extension of the platform on the south side, after the accident, should be treated and

considered in the sense of repairs, we are not able to see, under the circumstances of this case, in what manner the admission of the evidence on this subject, can be said to constitute prejudicial error against appellant.

It is next insisted that appellee has failed to show that he was free from negligence contributing to the injury.

The mere fact that proof as to circumstances was introduced, from which the jury might have drawn the inference that appellee knew there was no barrier or platform on the north side of the tracks, would not authorize this court to disturb the verdict. There was evidence tending to show that he had no knowledge as to how the platform or station was arranged or constructed. The jury were the exclusive judges as to the weight and credibility of the evidence. As the evidence on this point was conflicting, and as different inferences might be drawn by reasonable persons from the facts and circumstances disclosed in the record, this court is bound by the verdict on this question.

Counsel for appellant contend that in stepping off the train on an elevated road at a point where he had never been before, in the night time and in the rain, without making inquiry or investigation to ascertain whether he was stepping onto a platform or into space in the darkness, the appellee was, under the circumstances of this case, guilty of contributory negligence.

It may be conceded that the general rule is, that a man shall use the senses and exercise the reasoning faculties with which nature has endowed him, and when, without excuse, one fails to do so and is injured in consequence, he can not recover for injuries sustained by reason of the negligence of another. *Brazil, etc., Co.* v. *Hoodlet,* 129 Ind. 327; *City of Plymouth* v. *Milner,* 117 Ind. 324; *Lake Shore, etc., R. W. Co.* v. *Pinchin,* 112 Ind. 592.

Under these circumstances, can it be said, as a matter

of law, that the failure to make such inquiry or investigation was contributory negligence *per se?*

In this case the train had stopped at the station. Appellee, in a hurry to catch his boat, went out at the rear end of the car, finding no obstruction to his passage, and proceeded to step off on the north side, as he had observed passengers do at the first station below, in the belief that there was a platform or landing on which to alight. He found no person, bar, or gate to admonish him that he should not leave the car on that side.

In this connection it should be borne in mind that where the injured party is deceived and thrown off his guard by the conduct and fault of one whose negligence causes the accident, he may be deemed to have been in the exercise of proper care without taking all the precautions which would otherwise be required. *Grand Rapids, etc., R. Co.* v. *Cox, supra,* and authorities there cited.

The Supreme Court, in two cases at least, have held that whether or not a person who voluntarily alights from a moving train is guilty of contributory negligence, is a fact to be determined by the jury trying the cause, taking into consideration all the circumstances in connection therewith. *Pennsylvania Co.* v. *Marion, supra; Louisville, etc., R. R. Co.* v. *Crunk,* 119 Ind. 542.

We therefore, at this point, inquire whether the court, as a matter of law, from the facts which the evidence tends to prove, as hereinbefore stated, can adjudge that the appellee, on the occasion of his injury, was guilty of negligence which contributed to such injury?

The rule which must determine the answer to this question is, in our opinion, correctly stated by the Supreme Court, in an opinion written in a recent case, by Judge Coffey, as follows: "The court can not adjudge that negligence exists as a matter of law in any case,

unless the facts are undisputed and the conclusions to be drawn therefrom are indisputable. 'The question of negligence must be submitted to the jury as one of fact, not only where there is room for difference of opinion between reasonable men as to the existence of the facts from which it is proposed to infer negligence, but also where there is room for such differences as to inferences which might be fairly drawn from conceded facts,'" *Cincinnati, etc., R. R. Co.* v. *Grames*, 136 Ind. 39, 34 N. E. Rep. 714.

This seems to have been the theory upon which the case was tried in the court below, as is indicated by the following instruction which was given to the jury at the request of appellant:

"Even if you should find that the defendant was negligent in the manner and in all respects charged in the complaint, still, if the plaintiff knew that he was on top of the elevated railroad, and in leaving the train hastily, in order to reach the ferry boat before its departure, carelessly omitted to look to ascertain where he was about to alight, and stepped off the train, and fell into the street below, and thereby sustained his injuries, then you may consider the facts whether or not he was guilty of negligence, and if you find he was guilty of such contributory negligence, he can not recover."

No question is raised on the instruction, but it will be observed from reading the above instruction, that the question as to whether appellee was guilty of contributory negligence, under the circumstances, was submitted to the jury as a fact to be determined by them. In our opinion, the law applicable to this branch of the case was correctly stated in the instruction quoted.

The fact that appellee, without looking, inquiring, or investigating, voluntarily alighted from the train on an elevated railroad, under the circumstances of this case,

is not a conclusive presumption of negligence on his part. If there had been a closed gate or a bar in position to check or prevent him from stepping off the car on that side, a different question would be presented, but in the absence of anything on that side, at the rear end of the car, to obstruct or impede his progress, it was a question to be determined by the jury, taking into consideration all the facts and circumstances in connection with the alighting, whether appellee was guilty of contributory negligence in stepping off the train at the time of his injury. See, also, *Richmond, etc., R. R. Co.* v. *Smith*, 92 Ala. 237; |*Missouri Pacific R. Co.* v. *Neiswanger*, 39 Am. & Eng. R. W. Cases, 471.

The next question discussed brings in review the action of the trial court in overruling the motion of appellant for judgment upon the answers of the jury to the interrogatories, notwithstanding the general verdict.

It is well settled that the general verdict only yields to the special findings when they are so antagonistic that by no reasonable hypothesis can they be reconciled. *Evansville, etc., R. R. Co.* v. *Marohn*, 6 Ind. App. 646, 34 N. E. Rep. 27.

"It is only when the answers to the interrogatories are absolutely irreconcilable with the general verdict, that the general verdict will be controlled by them. *Grand Rapids, etc., R. Co.* v. *Cox, supra.*

The jury find in answer to interrogatories, that the railroad was elevated; that appellee knew this fact; that when the train reached the station appellee did not wait to hear the name announced; that the ferry boat was then at the landing; that appellee, by seeing the boat at the landing, knew the train had reached the station, and he hurried from the car to get the boat; that appellee did not stop on the platform of the car to look out for the station platform; that there was no light at the west end

The Kentucky and Indiana Bridge Company *v.* McKinney.

of the station platform that night; that in his haste to get off the train and to catch the boat, appellee stepped off the car into the darkness without looking to see if there was any platform there; that there was a platform 180 feet long on the south side of appellant's tracks; that there were gates on both sides of the platform of the cars used by appellant at the time appellee was injured.

It is not found that in the darkness and in the absence of a light appellee could have seen anything of the station platform by stopping on the platform of the car to look, or that the gates with which the platform of the car was provided were closed, or that there were any barriers or guards erected on or along the north edge of the trestle work, or that there was anything to indicate to appellee that he should not alight at that place, except the fact that the night was dark and he was in ignorance of the situation and surroundings. Neither is it found that appellee did not, under the circumstances, exercise due and ordinary care.

We do not decide that all of these findings were necessary to a recovery on the part of appellant, notwithstanding the general verdict, but we do decide that on the answers as returned to the interrogatories there is not such irreconcilable conflict between them and the general verdict as would justify the rendition of judgment thereon contrary to the general verdict.

We find no reversible error in the record.

Judgment affirmed.

Ross, J., absent.

Filed Feb. 13, 1894.

### Dissenting Opinion.

Reinhard, J.—I am of the opinion that it appears, both from the evidence and the answers of the jury to

the interrogatories, that the appellee was guilty of contributory negligence, if, indeed, any negligence has been shown on the part of the appellant. For this reason I can not agree with the conclusion reached in the prevailing opinion.

Filed Feb. 13, 1894.