## Chicago & E. I. R. R. Co. v. Justus Chancellor, Administrator of Josephine H. Johnson.

1. RAILROADS—*Passenger Trains at Stations—Presumptions.*—A through passenger train arriving at a way station, is ordinarily waiting for passengers so long as it remains there, and a person intending to take passage on such train may presume that it is so waiting.

2. SAME—*Degree of Diligence for Safety of Passenger.*—A person was killed while walking across one of the railroad tracks at a station under circumstances which warranted a jury in finding that she was about to take passage upon a train waiting for the reception of passengers. *Held,* that such person was justifiably found to be a passenger for whose safety the company was bound to exercise the highest degree of diligence.

Trespass on the Case.—Death from negligent act. Appeal from the Circuit Court of Cook County; the Hon. FRANK BAKER, Judge, presiding. Heard in this court at the October term, 1895. Affirmed. Opinion filed December 2, 1895.

WILL H. LYFORD and JOSEPH B. MANN, attorneys for appellant.

THORNTON & CHANCELLOR, attorneys for appellee.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

This was an action to recover for damage sustained by the death of Josephine H. Johnson, which it is alleged was caused by the neglect of appellant.

Mrs. Johnson, when killed, was walking across one of ap-

pellant's tracks at its railway station, under circumstances that warranted the jury in finding that she was about to take passage upon a train run by appellant and then waiting for the reception of passengers. She was, therefore, justifiably found to be a passenger, for whose safety appellant was bound to exercise the highest degree of diligence. A freight train belonging to appellant, coming from tracks parallel to the one over which the deceased was walking, was switched onto the last mentioned track, and backing along it, struck her, causing her death.

That appellant did not exercise the highest degree of diligence for the safety of the deceased, is apparent.

As counsel suggest, appellant is not obliged, even for the safety of passengers, to undertake the impossible; the highest degree of diligence, only, is required. Counsel seeming to invite us to suggest what more appellant could have done, we answer, it could have provided an overhead or underground way of access to its train; such as is in almost universal use in England. Many other practicable things might be suggested.

The only question in this case is, was the deceased in the exercise of ordinary care? Counsel say, " The railroad company had a right to assume that she would stay where she was standing, and would not attempt to cross the track immediately in front of the moving box car, which she could not help seeing."

The probabilities are, that she did not see the " moving box car." She would naturally look up and down the tracks she was about to cross, but this car was switched from a track she was not intending to cross, and ran onto the one over which she was passing. She had a right to attempt to take passage upon the passenger train, presumably to her, waiting for passengers. She had a right to believe appellant would keep it safe for her to do so, or warn her to desist from such an attempt.

Bells may have been rung, or other signals given without her knowing what they were to warn people against. At a railroad station the signals are often, in the noise and com-

motion, confusing. It is the duty of appellant as regards its passengers, to use the highest diligence to protect them from injury because of such confusion.

While it is true, as urged, that when a train stops, the carrier's duty toward persons on the train ceases to be that of a carrier of passengers, after they have had a sufficient time and opportunity to leave its grounds in safety (Straus v. K. C., St. J. & C. B. Ry. Co., 75 Mo. 185, and McDonald v. Long Island Ry. Co., 116 N. Y. 546), it is also true that a through passenger train, arriving at a mere way station, is ordinarily waiting for passengers so long as it remains there, and we think that a person intending to take passage on such train may presume that it is so waiting.

We think the evidence shows that the deceased was in the exercise of ordinary care. We find no error in this record, either as to the reception or rejection of evidence or in respect to the instructions, that warrants a reversal of the judgment.

A majority of the court are of the opinion that the damages awarded are not excessive.

Counsel for appellee might, in a case of the importance of this, have taken the trouble to sustain the statement as to the facts by a more abundant reference to the abstract.

The judgment of the Circuit Court is affirmed.