## Mirian D. Merrill, Appellee, v. Michigan Central Railroad Company, Appellant.

### Gen. No. 5337.

1. PASSENGER AND CARRIER—*when relation established.* A person becomes a passenger when, intending to take passage, he enters the waiting room of a depot or place provided by the carrier for the reception of passengers at a time when such place is open for the reception of passengers intending to take passage on trains of the company and desiring to buy a ticket, or if the ticket office is not open undertakes to get on the train while the train is standing for the reception of passengers, intending to pay his fare on the train.

2. PASSENGER AND CARRIER—*duty of latter to exercise care.* The duty of a carrier to exercise a high degree of care extends to the time of passage by the passenger from the depot to the train.

3. PASSENGER AND CARRIER—*when rules of latter incompetent.* Rules affecting the conduct of passengers are not competent against a passenger in an action for personal injuries in the absence of evidence of knowledge thereof by him or by the public.

4. EVIDENCE—*when admission of erroneous will not reverse.* In the absence of objection having been made thereto in the trial court the admission of erroneous evidence will not reverse.

Action in case for personal injuries. Appeal from the Circuit Court of Will county; the Hon. CHARLES B. CAMPBELL, Judge, presiding. Heard in this court at the April term, 1910. Affirmed. Opinion filed October 18, 1910.

**Statement by the Court.** Mirian D. Merrill, a resident of Joliet, with her husband arrived at Niles, Michigan, from the east on Saturday, September 29, 1906, and on the morning of the next day went to the depot of the Michigan Central Railway Company at Niles to take the train going west at 6:13 A. M. She went into the depot from the street and her husband went to the baggage room to see about the baggage. The train came in before the return of the husband and she attempted to go to the train through the door from the waiting room, but finding that door locked went through an adjoining room used as a restaurant and dining room out on the platform and walked toward the train for the purpose of getting on board it as

a passenger.  An employe of the railroad company
who had been in charge of the restaurant since the
previous evening was on the platform ringing a bell
in his right hand.  Mrs. Merrill, going towards where
a brakeman stood by the train, passed behind the bell
ringer, but just as she was passing him he turned and
swinging the bell in another direction from what he
had been swinging it, struck Mrs. Merrill with the edge
of the bell just above the knee.  She brought this suit
to recover damages for the injuries sustained.  On
the trial the jury returned a verdict for plaintiff for
$1,000.  There was a *remittitur* of $80 and judgment
for $920 against the defendant who appeals from that
judgment.

J. L. O'DONNELL and T. F. DONOVAN, for appellant;
WINSTON, PAYNE, STRAWN & SHAW, of counsel.

SNAPP & HEISE, for appellee.

MR. JUSTICE THOMPSON delivered the opinion of the
court.

The chief contention of the appellant is that the judg-
ment cannot be sustained on the evidence, and the ar-
gument is that neither negligence on the part of the
appellant nor ordinary care on the part of the appellee
was proved.  The declaration avers that appellee was
a passenger at the depot about to get aboard the train
of appellant and that a servant of appellant upon the
platform ringing a bell, to attract passengers to the
railroad restaurant located in the depot, carelessly
and negligently with great violence struck appellee,
etc.  The evidence proves that the appellee and her
husband went to the depot for the purpose of becoming
passengers on the train; the ticket office was closed
so that they were unable to get tickets but they had
money sufficient to pay their fare and intended to pay
it on the train.  A person becomes a passenger when,
intending to take passage, he enters the waiting room

of a depot or place provided by the carrier for the
reception of passengers at a time when such place is
open for the reception of passengers intending to take
passage on trains of the company and desires to buy
a ticket, or if the ticket office is not open undertakes
to get on the train while the train is standing for the
reception of passengers, intending to pay his fare on
the train. Elliott on Railroads, sec. 1879; C. & E. R.
R. Co. v. Jennings, 190 Ill. 478; Pennsylvania Co. v.
McCaffrey, 173 Ill. 169. "It is the duty not only to
exercise a high degree of care while the passenger is
upon the train, but also to use the highest degree of
care and skill reasonably practicable in providing the
passenger a safe passage from the train." Pennsyl-
vania Co. v. McCaffrey, *supra*. The same must be
the rule concerning the passage of passengers from
depots to trains. If the defendant company was only
required to exercise ordinary care in providing a safe
passage.from the depot to the train, yet, it was a ques-
tion for the jury to say from all the evidence whether
the appellant was guilty of negligence in swinging the
bell and then turning and swinging it in another di-
rection so as to strike and injure a passenger going
from the depot to the train, and whether the appellee
was in the exercise of ordinary care in passing two
or three feet behind such bell ringer. The jury have
passed on these questions favorably to the contention
of appellee and we cannot reasonably say that the jury
was mistaken.

It is also contended that the court admitted er-
roneous evidence on the part of the appellee. Appel-
lant is correct in this contention, but the evidence was
admitted without objection. The first witness called
was Earl Merrill. He was asked his age and answered
"eighteen;" and then was questioned as follows:
"You are a son of plaintiff?" and answered "Yes."
"Your father is Fred Merrill, a letter carrier who was
here a moment ago?" and answered "Yes;" "Have
you any brothers and sisters?" "I have two brothers,

Merrill v. Michigan Central Railroad Co., 158 Ill. App. 38.

but no sisters." "What are their ages?" To this there was an objection which was overruled and he answered "Fifteen and thirteen." "Are they living at home with their parents?" "Yes sir." These facts were proved by appellee without any objection being interposed except an objection to the question concerning the age of the two youngest children. All this evidence was clearly improper, and had an objection been made and overruled to the proof of the family relations, the case would have to be reversed. Jones & Adams Co. v. George, 227 Ill. 65; Lauth v. Chicago Union Traction Co., 244 Ill. 244. All that appellee was entitled to recover was compensation for her injuries. The proof that her husband was a letter carrier and that she had three children who were living at home was irrelevant, and perhaps was introduced for the purpose of appealing to the sympathy, passions or prejudices of the jury. This court, however, cannot reverse judgments because counsel for appellant permitted objectionable questions to be asked and answered without objection while the trial was in progress, nor because counsel on the other side got before the jury improper evidence without objection and exception. If counsel for appellant did not object to the question and permitted irrelevant and prejudicial testimony to go to the jury we cannot aid them.

It is also contended that the court improperly sustained an objection to certain evidence offered on behalf of appellant. Appellant sought to prove orally certain regulations regarding how passengers were to reach trains. If the regulations were a matter of record or printed, then the evidence offered was secondary evidence, and besides there was no proof tending to show that appellee or the public had any notice of such regulations; and the objection was properly sustained.

Finding no error in the case to which objection was made requiring the reversal of the judgment, it is affirmed.

*Affirmed.*