## West Chicago St. R. R. Co. v. Frank Maday.

1. VERDICTS—*When Not to be Disturbed.*—Unless the verdict and judgment are manifestly against the weight of evidence, the evidence being conflicting, they will not be disturbed by a reviewing court.

2. INSTRUCTIONS—*Equal Right to Use Streets.*—In an action for personal injuries an instruction which tells the jury that both plaintiff and defendant were equally in the position of right to use the public thoroughfares upon which the plaintiff was driving and the defendant was operating its cars, which right they held and enjoyed independently of each other, and that each should exercise ordinary care in the use of the street, is proper, when considered in connection with the testimony in this case.

3. SAME—*Measure of Damages, etc.*—In an action for personal injuries an instruction which tells the jury that in determining the amount of damages which the plaintiff is entitled to recover they have a right to take into consideration all the facts and circumstances in evidence before them, and may consider the nature and extent of plaintiff's injuries, his bodily pain and suffering resulting from such injuries, the permanent disability, the money necessarily paid by him in and about endeavoring to be cured of said injuries, and any future bodily pain or suffering, or future inability to labor or transact business, that the jury may believe from the evidence he will sustain as the necessary and direct result of his injuries is proper when considered in connection with the evidence in this case.

**Action in Case,** for personal injuries. Appeal from the Superior Court of Cook County; the Hon. ARTHUR H. CHETLAIN, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1899. Affirmed. Opinion filed March 13, 1900.

VAN VECHTEN VEEDER, attorney for appellant,

DOUTHART & BRENDECKE, attorneys for appellee.

MR. PRESIDING JUSTICE HORTON delivered the opinion of the court.

Milwaukee avenue, in the city of Chicago, runs northwesterly from the center of the city. June 27, 1897, appellant operated a double track cable railroad along said avenue. The afternoon of that day, appellee was driving southerly along the westerly track on said avenue. That

day and the day previous, snow had been falling. When near Lincoln street appellee met a "sweeper" which was going northerly along the easterly track. There was a wagon loaded with hay outside of the tracks and on the westerly side of the street. When the sweeper, the appellee with his horse and wagon and the load of hay were abreast of each other, or nearly so, one of the grip cars of appellant running southerly, struck the rear end of appellee's wagon. On behalf of appellee it is contended that he was thereby thrown from his wagon and injured, which is denied by appellant. The trial below resulted in a verdict and judgment against appellant, to reverse which this appeal is prosecuted.

On behalf of appellant it is here contended, first, that the evidence does not show that appellant was negligent; second, that appellee was guilty of contributory negligence, and third, that appellee was not injured as claimed.

These are all questions of fact. It has been so many times stated by this and other courts, that unless the verdict and judgment are manifestly against the weight of evidence, the evidence being conflicting, they will not be disturbed by a reviewing court, that we shall not presume to cite authorities upon the question.

It is not necessary to review the authorities cited by the attorney for appellant. Conceding the law to be as he contends, the weight of evidence is not manifestly against the verdict. There is evidence tending to prove that appellant, by its employes, was negligent; that appellee was not guilty of contributory negligence, and that appellee was injured as claimed by him. We do not feel called upon to review the testimony at length upon these points. If there was no error in submitting the evidence to the jury upon these questions, the verdict as to them should not be disturbed.

It is argued that the court erred in giving the fourth instruction on behalf of appellee which is as follows, viz.:

"4. The court instructs the jury that both plaintiff and defendant were equally in the position of right to use the

public thoroughfare upon which the plaintiff was driving and the defendant was operating its cars, which right they held and enjoyed independently of each other, and that each should exercise ordinary care in the use of the street."

We see no error in this instruction when considered in connection with the testimony before the jury.

Appellant also contends that the fifth instruction on behalf of appellee should not have been given. It is as follows, viz.:

" 5.   If the jury find the issues for the plaintiff, then in determining the amount of damages which the plaintiff is entitled to recover in this case (if the jury find, from the evidence, under the instructions of the court, he is entitled to recover any damages), the jury have a right to, and should, take into consideration all the facts and circumstances in evidence before them; and they may consider the nature and extent of the plaintiff's injuries, if any, testified about by the witnesses in this case, and herein complained of; his bodily pain and suffering, if any is shown by the evidence, resulting from such injuries; the permanent disability, if any is shown by the evidence, caused by said injuries; the money necessarily paid, if any, by the plaintiff in and about endeavoring to be healed or cured of said injuries; and any future bodily pain or suffering, or future inability to labor or transact business, if any, that the jury may believe from the evidence the plaintiff will sustain as the necessary and direct result of the injuries complained of."

The objections to this instruction urged by attorney for appellant are not well founded.   It does not follow from the language here employed that the jury should, in determining the amount of damages, if any, consider any testimony which does not bear directly upon that question.

The fifth instruction given in the case of H. & St. J. R. R. Co. v. Martin, 111 Ill. 219, 227, contains all the features which are pointed out by the attorney for appellant in his objections to the instruction in the case at bar, of which complaint is made.   The Supreme Court held that the giving of the instruction mentioned was not error.

The second instruction given in Penn. Co. v. Frana, 112 Ill. 398, is not quoted at length in the report of that case. But the Supreme Court in speaking of it say this :

"The second instruction, to which objection is made, declared, in substance, that if the jury believed from the evidence, under the instructions of the court, that the plaintiff was entitled to recover, then in fixing the damages, the jury should take into consideration all the circumstances as disclosed by the evidence 'such as the circumstances attending the injury.' Under this last clause of the instruction, counsel for appellant urge that the jury might give punitive damages. There was no evidence introduced on the trial which would authorize the jury to give punitive damages, and by the terms of the instruction they were limited and confined to the evidence in making a verdict. Indeed, so far as appears from the record, there was no pretense on the part of plaintiff that he was entitled to recover punitive damages. As no such claim was made, and as no evidence was offered to establish a claim of that character, the instruction could not have misled the jury."

That comment by the Supreme Court applies with equal force to the case at bar.

No error is indicated which would justify a reversal. The judgment of the Superior Court is affirmed.