## Henry Felhour, Appellee, v. East St. Louis Railway Com= pany, Appellant.

1. INSTRUCTIONS—*when motion for peremptory properly denied.* Where the evidence tends to establish the allegations of the declaration a motion for a peremptory instruction is properly denied.

2. INSTRUCTIONS—*when as to conjoint use of street not erroneous. Held,* in this case, that it was not error to give an instruction as follows:

"The court instructs the jury that both plaintiff and defendant were equally in the position of right to use the public thoroughfare upon which the plaintiff was driving and the defendant was operating its cars, which right they held and enjoyed independently of each other, and that each should exercise ordinary care in the use of the street."

3. INSTRUCTIONS—*when refusal of correct will not reverse.* It is not error to refuse a correct instruction if its contents are substantially contained in another instruction given.

4. VERDICTS—*when not excessive. Held,* in a personal injury action, that a verdict for $750 was not excessive where it appeared that the plaintiff's injury was painful, resulted in the gathering of pus in his shoulder which necessitated an operation serious enough to require the administration of an anæsthetic, it further appearing that the plaintiff was attended by a physician for about 3 weeks and incurred

a liability for $60 and at the time of the trial, more than 2 months after his injury, was still suffering from the bruises sustained.

Action in case for personal injuries. Appeal from the City Court of East St. Louis; the Hon. W. M. Vandeventer, Judge, presiding. Heard in this court at the October term, 1911. Affirmed. Opinion filed March 21, 1912.

Barthel, Farmer & Klingel, for appellant.

J. F. Vickers, for appellee.

Mr. Presiding Justice Higbee delivered the opinion of the court.

This suit was brought by appellee, the driver of a delivery wagon, against appellant to recover damages for injuries occasioned by his being thrown from his wagon at a time when it was struck by one of appellant's electric cars.

The three counts of the declaration charge the car was running at a high, rapid and excessive rate of speed, a failure on the part of appellant to keep a proper lookout to avoid running into and injuring persons passing along and across the street and a failure to ring a bell or gong or give any warning of the approach of the car.

There was a plea of the general issue and the trial resulted in a verdict and judgment against appellant for $750.

It is insisted by appellant on this appeal that the court below erred, in refusing to direct a verdict of not guilty on motion of appellant, both at the close of appellee's evidence and again at the close of all the evidence, in giving an improper instruction on behalf of appellee, in refusing an instruction offered by appellant and in sustaining a verdict for an excessive amount.

Appellee was a driver in the employ of the meat

packing house of Armour & Co. at East St. Louis, his business being to deliver meats at various places in the city, for which purpose he used a one horse wagon owned by his employer. On February 3, 1911, at about half past six o'clock P. M., having made his last delivery of meat for the day, he was driving north along Collinsville avenue on his way back to his employer's plant. Collinsville avenue runs generally north and south in said city, and is intersected at right angles by St. Clair avenue. Along the center of the former street, appellant has two tracks, one for south bound cars on the west side of the street and the other on the east side of the street for north bound cars. Davies Meat Market, at which appellee had made his last delivery of meat, was located on the east side of Collinsville avenue, some 350 to 400 feet south of its intersection with St. Clair avenue, and it was while driving north along Collinsville avenue between that market and St. Clair avenue that one of appellant's cars came in contact with his wagon and caused him to be thrown out against the curbing on the street and injured.

There was a sharp conflict between the testimony of the witnesses for appellee and those of appellant, as to the manner in which the collision occurred. Witnesses for the former testified that appellee was compelled to drive onto the street car track to pass three vehicles standing along the curbing ahead of him and that he was again turning off the track when the car came up and caught his left hind wheel, throwing the end of the wagon to the right and then again struck the front part of the wagon or left front wheel, the second collision causing appellee to be thrown from the wagon; that appellant's car was at the time going at the rate of eight or ten miles an hour and that no warning was given of the approach of the car by the ringing of the gong or bell.

The testimony of an equal number of witnesses on

the part of appellant tends to show that the car was going at a much slower rate of speed than that above mentioned; that appellee before the collision had already cleared the track but that when the car reached him he in some manner backed his wagon into it and that his front wheel was not struck at all by the car. The motorman also swore that he rang the gong once before the wagon was struck.

It is sufficient to say that the facts as sworn to by appellee's witnesses showed a clear right on his part to recover for his injuries and it was for the jury to determine what witnesses were the better entitled to belief under all the circumstances of the case. The court below therefore properly refused to take the case from the jury.

Appellee's third instruction, which is the one complained of by appellant, is as follows:

"The court instructs the jury that both plaintiff and defendant were equally in the position of right to use the public thoroughfare upon which the plaintiff was driving and the defendant was operating its cars, which right they held and enjoyed independently of each other, and that each should exercise ordinary care in the use of the street."

Appellee was compelled to go upon the track to pass other vehicles as appeared from the evidence of himself and his witnesses. We find no error in this instruction when it is applied to all the facts and circumstances in evidence in this case. A like instruction was held good where the circumstances of the injury were in many respects similar in character to those in this case, in W. C. St. R. R. Co. v. Maday, 88 Ill. App. 49.

Appellant's third instruction refused by the court correctly informed the jury, that it was necessary for plaintiff to prove by a preponderance of the evidence that he was at and immediately before the time of his injury, in the exercise of due care and caution for his

own safety, as charged in his declaration, but there was no error in refusing the same, for the reason that the same theory of the law was fully covered in a number of other instructions given for appellant.

The injury sustained by appellee appears to have been a painful one and resulted in a gathering of pus in his shoulder, from which he suffered severely for several weeks until relieved by lancing, which operation was serious enough to require the administration of an anæsthetic. He was attended from time to time by a physician for some three weeks, and incurred a bill for such services of $60. At the time of the trial, or more than two months after the occurrence of the injury, he was still suffering from his bruises and had not been able to do any manual labor. Under these circumstances we do not consider the judgment of $750 so excessive as to warrant a reversal of the case.

*Judgment affirmed.*