MOORE v. THE DES MOINES & FORT DODGE R'Y CO.

1. **Railroads**: DILIGENCE DUE PASSENGERS. A carrier is bound to exercise the highest degree of care and skill to preserve the safety of passengers, and prevent accidents; reasonable or ordinary diligence is not sufficient. See opinion for authorities.

2. ———: INJURIES TO PASSENGER: DEFECTIVE INSTRUCTION. Where a passenger sought to recover for several injuries received by the overturning of a railway coach, it was error to instruct the jury that unless a certain specified one of the injuries was caused in whole or in part by the accident, plaintiff could not recover, even though the jury were told in another instruction that if they found for plaintiff they should award him such damages as would compensate him for all the injuries suffered.

*Appeal from Dallas Circuit Court.*

MONDAY, OCTOBER 11.

PLAINTIFF brought this action to recover damages for certain personal injuries which he alleges he sustained while traveling as a passenger on defendant's railway. The verdict and judgment were for defendant, and plaintiff appeals.

*Cardell & Shortley,* for appellant.

*Nourse, Kauffman & Guernsey,* for appellee.

REED, J.—While plaintiff was traveling as a passenger on one of defendant's railway trains, the car in which he was riding was thrown from the track by a misplaced switch, and turned over on its side. He alleges that in the accident

he was thrown against the side of the car, and against one of the seats therein, and that he was bruised and injured in his side, also in his arm and head, and that he sustained a rupture of the character known as a "scrotal hernia." He also alleges that the accident to the car was caused by the negligence of defendant's employes, who were in charge of the train. On the trial it was admitted that the overturning of the car was caused by a misplaced switch, and no evidence was introduced by defendant tending in any manner to account for the misplacement of said switch. Plaintiff testified that, by the turning over of the car, he was thrown on his side against the car, and one of the seats in it, and that when he got out of the wreck he discovered that one of his arms was bleeding; also that one of his fingers had been injured, and that some time after, in making an examination of his person, he discovered that his side was bruised, and that he was ruptured,—the latter injury being of the character denominated " scrotal hernia,"—and that he suffered a great deal of pain from the injury in his side and from the rupture; also that the hernia was not reduced until four days after the accident, when he went for the first time to a physician, who reduced it. Defendant introduced evidence tending to prove that the plaintiff was ruptured before the accident. It also introduced two physicians who had practiced their profession for many years, and had had much experience in the treatment of hernia, who testified that they had made an examination of plaintiff some time after the accident, and that they had heard his testimony as to the manner in which he had received the injury, and as to his symptoms immediately after it occurred, and each, in effect, gave it as his opinion that the scrotal hernia of which plaintiff complained was not caused by the accident.

I. The circuit court gave the following instruction, the giving of which is assigned as error: " If you find from

1. RAILROADS: diligence due passengers. the evidence that the plaintiff received an injury while riding on the cars of the defendant, by rea-

son of the tipping over of a car in which he was riding, and while he himself was using all reasonable care and caution to avoid injury, as charged in the petition, then these facts will make a *prima facie* case of negligence against the defendant, and the burden of proof will be on the defendant to show that it, by its agents and servants, did use all reasonably practicable care and precaution to prevent such injury, and that the accident resulted from a cause which could not have been foreseen or prevented by the exercise of reasonable care, vigilance and foresight on behalf of the company." The objection urged against the instruction is that it does not lay down the true rule as the degree of diligence and care which the carrier is bound to exercise for the safety of the passenger. The doctrine of the instruction is that the defendant would not be liable for the injury if the accident resulted from a cause which reasonable or ordinary care and diligence could not have foreseen and provided against; and in this respect it is erroneous. The rule has always been held, in this state, that the carrier was bound to exercise the highest degree of care and skill to preserve the safety of the passenger, and prevent accidents. See *Frink v. Coe*, 4 G. Greene, 555; *Sales v. Western Stage Co.*, 4 Iowa, 547; *Bonce v. Dubuque St. R'y Co.*, 53 Id., 278; *Kellow v. Central Iowa R'y Co.*, 68 Id., 470. We are of the opinion, however, that plaintiff was not prejudiced by the instruction. By it the jury were told that proof of the accident made a *prima facie* case against the defendant on the question of negligence. As it made no attempt to account for the accident, this was equivalent to a direction to find for plaintiff if the other elements of his case were established. The presumption is that the jury found against him on the other questions involved in the case.

II. The court gave the following instruction: " If you find from the evidence that the plaintiff, at the time of or prior to the

2. ———: in-
juries to pas-
senger: de-
fective in-
struction.
accident complained of, was or had been suffering from the effects of inguinal hernia, and by reason of the overturning of the car received additional injuries of the affected parts, he would be entitled to recover for such additional injury. But if you fail to find that the scrotal hernia was caused by the overturning of the car, as alleged, then and in that event plaintiff cannot recover." This instruction is erroneous. Under the evidence, the jury might have found that plaintiff suffered the injuries to his side and arm and hand alleged, and have failed to find that the scrotal hernia was caused by the overturning of the car. By the last clause of the instruction they are told, in effect, that, if that is the state of the proof, plaintiff cannot recover. Yet he clearly was entitled to recover if he had established that he sustained any of the injuries in the accident of which he complained. It is true that in other instructions the jury were told that, if they found for plaintiff, they should award him such damages as would compensate him for all the injuries suffered by him in consequence of the overturning of the car. But these instructions, in so far as they warranted the jury in awarding the plaintiff damages for the minor injuries of which he complained, if they found against him as to the chief injury complained of,—the scrotal hernia,— are in conflict with the one set out above, and it is impossible to determine which instruction the jury obeyed. We cannot say that for the minor injuries plaintiff was entitled to recover no more than nominal damages. On the contrary, the jury would have been justified, under the evidence, in awarding him substantial damages on account of the alleged injury to his side.

Other questions argued by counsel relate simply to the order of the trial, and will not be likely to arise on a retrial of the cause.

For the error pointed out the judgment will be reversed, and the cause remanded.

REVERSED.