### EMILIE F. BETHMANN *vs.* OLD COLONY RAILROAD COMPANY.

Suffolk.   November 18, 1891. — January 7, 1892.

Present: ALLEN, KNOWLTON, MORTON, & LATHROP, JJ.

*Personal Injuries — Railroad Passenger — Negligence.*

The plaintiff, a woman, was a passenger on the defendant's railroad, arriving in Boston about eight o'clock in the morning. On the station platform was a movable baggage truck or platform about thirty-seven feet long and seven feet wide, the top of which was on a level with the car platforms. This truck rested on wheels, and ran on an iron track parallel with the rails on which the train arrived, so that its edge was very near the sides of the cars. The train was brought to a stop in such a position that the forward end of the plaintiff's car was opposite to the truck, so that passengers getting out there would be obliged to step upon it. The plaintiff, with most of the other passengers in the car, got off the forward end of the car on to the truck, and in passing along fell off from it and was injured. Soon after the accident the truck was rolled along towards the end of its track, in the direction in which the plaintiff's train had been going. *Held*, that the question whether it was negligence for the defendant to have the truck where it was, and to stop the plaintiff's car opposite to it, was a question of fact for the jury.

There was evidence that the plaintiff had never come into the station on that train before, but had been accustomed to come in on another track, and to be left in another part of the station; that the car was full of passengers, and that, when it stopped, they were all standing up in the aisle ready to get

out; that she was near the middle of the car, eight or ten being before her and many others behind her, all going forward to get off as quickly as they could; that those before her got upon the truck, which she supposed to be the platform of the station; and that she followed them, and after taking two or three steps upon the truck fell off at the side of it. She was a German, and she testified that she had seen in Germany and other countries high platforms for passengers in railroad stations. She had in her hands some books, a parasol, and other things. Another lady who got off there testified that she stepped down one step in the flight of steps leading from the car, and stepped right to the platform from the step of the car, and that "it was easier if anything than to get on to the regular platform." *Held,* that the question whether the plaintiff was in the exercise of due care was for the jury.

TORT for personal injuries occasioned to the plaintiff, while alighting from a train of the defendant in the Boston station of the Providence Division of the defendant's railroad. Trial in the Superior Court, before *Thompson,* J., who declined to rule, as requested by the defendant, that on the evidence the plaintiff could not recover, and to direct a verdict for the defendant, but submitted the case to the jury. The jury returned a verdict for the plaintiff; and the defendant alleged exceptions. The facts so far as material to the points decided appear in the opinion.

*J. H. Benton, Jr.,* for the defendant.

*C. T. Gallagher,* for the plaintiff.

KNOWLTON, J. The plaintiff was a passenger on the defendant's railroad, and, while alighting from a car at the station in Boston, fell and was injured. At the close of the evidence, the defendant asked the court to rule that the plaintiff could not recover, and the only exception taken is to the refusal so to rule.

Two questions are presented: first, Was there any evidence that the defendant was negligent? secondly, Was there any evidence that the plaintiff was in the exercise of due care?

On the platform in the defendant's passenger station was a truck or movable platform thirty-seven feet and three inches long, seven feet and two inches wide, and two and a half feet high. The top of it was on a level with the platforms of the cars. This truck rested on wheels, and ran on iron tracks parallel with the tracks on which the cars ran, so that its edge was very near the sides of the cars on the adjacent track, and it was used in loading and unloading baggage. The train on which the plaintiff came arrived at the station about eight o'clock in

the morning, and was stopped in such a position that the forward end of the car in which the plaintiff was riding was opposite to the truck, so that passengers getting out at that end would be obliged to step upon the truck. Passengers alighting from the train at that place naturally go towards the forward end of the car, as that is in the direction which they take in going out through the station to the street. The plaintiff, with most of the other passengers in the car, got off at the forward end of the car upon the truck, and in passing along fell off from it and was injured.

At the time of the accident the plaintiff was a passenger, and the defendant was bound to exercise towards her the utmost care and diligence consistent with the proper management of the business in which it was engaged. *Dodge* v. *Boston & Bangor Steamship Co.* 148 Mass. 207. There was evidence that soon after the accident the truck was rolled along towards the end of the track, in the direction in which the plaintiff's train had been going, and there is nothing to show why it might not have been near the end of the track before the accident, in such a position that the car would not have been opposite to it when the train stopped. Nor can we see why the train might not easily have been stopped before the car reached the truck, even if the truck had properly been left where it was. That passengers would get out at the forward end of the car upon the truck, and get down from it, with more or less of inconvenience and risk of injury to themselves, might naturally have been expected. Whether, under the circumstances, it was negligence for the defendant to have the truck where it was, and to stop the car opposite to it, we think was a question of fact for the jury; and this part of the case was rightly submitted to them.

Whether there was evidence that the plaintiff was in the exercise of due care we consider a question of more difficulty. There was evidence that she never had come into the station on that train before, and that she had been accustomed to come on another track, and to be left in another part of the station. She testified that the car was full of passengers, and that, when it stopped, they were all standing up in the aisle ready to get out; that she was near the middle of the car, eight or ten were before her and many others behind her, all going forward, and

that those before her got upon the truck, which she supposed to be the platform of the station, and that she followed them, and after taking two or three steps upon the truck fell off at the side of it.  She was a German, and she testified that she had seen in Germany and other countries high platforms for passengers in railroad stations.  She had in her hands some books, a parasol, and some other things.  There was other evidence that the car was full of passengers, who were going forward to get off as quickly as they could.

It cannot be said, as matter of law, that the plaintiff was negligent in getting off from the front platform of the car upon the truck, instead of going back to the rear platform.  In doing that she did only what the other passengers did, and what could be done easily and safely.  Another lady who got off there testified that she stepped down one step in the flight of steps that led from the car to the platform, and stepped right to the platform from the step of the car, and that " it was easier if anything than to get on to the regular platform."  The difficulty was in getting down from the truck.  But the plaintiff had no knowledge of that difficulty; for she says she supposed she had got upon the regular platform.  She then walked on, as others before her were doing, and when she had taken two or three steps fell off at the side of the truck.  Apparently she was not looking carefully to see where she was walking, and if the jury had found that she was negligent their verdict would have been well warranted by the evidence.  On the other hand, a woman getting off from a train at a large railroad station like that of the Providence Division of the Old Colony Railroad in Boston, where many others are going before her, who supposes she is on a regular platform for passengers, may be excused if she fails carefully to scrutinize the floor of the platform before beginning to walk forward upon it.

We are of opinion that, in view of all the circumstances of the case, it was a question for the jury whether the plaintiff was in the exercise of due care.

*Exceptions overruled.*