## JENNIE A. JORDAN *vs.* NEW YORK, NEW HAVEN, AND HARTFORD RAILROAD COMPANY.

Suffolk.   January 10, 1896. — February 28, 1896.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & LATHROP, JJ.

*Personal Injuries — Railroad — Negligence — Due Care — Action — Lord's Day — Defence.*

An action may be maintained against a railroad corporation for personal injuries occasioned to a woman, who goes in the evening to its passenger station, intending to take a train for another station, buys a ticket and passes from the waiting room into the toilet room opening therefrom, with which place she is familiar and the door of which is open, and, there being no light in any part of the station except the ticket office, feels with her hand for the seat, fails to find it, and falls through an opening in the floor; and, under St. 1884, c. 37, the fact that the accident occurred on the Lord's day is no defence.

TORT, for personal injuries occasioned to the plaintiff, on Sunday, August 13, 1893, by falling through a hole in the floor of a room in the defendant's station in Holbrook.   At the trial in the Superior Court, before *Sherman*, J., the jury returned a verdict for the plaintiff; and the defendant alleged exceptions. The facts appear in the opinion.

*C. F. Choate, Jr.*, for the defendant.

*J. F. Kilton*, for the plaintiff, submitted the case on a brief.

KNOWLTON, J.   The only exception in this case is to the refusal of the judge to rule that upon all the evidence the plaintiff cannot recover.   The plaintiff went to the defendant's passenger station in Holbrook to take a train for South Braintree.   She bought a ticket and passed from the ladies' waiting room into the ladies' toilet room, which opened out of the waiting room.   There was no light in any part of the station except the ticket office.   The door of the toilet room was open.   The plaintiff had often been there before, and was familiar with the place.   She had occasion to use the toilet room, and when she felt with her hand for the seat she failed to find it and fell through an opening in the floor and was injured.

The opening of the station for the sale of tickets upon a train which was about to pass over the railroad, and the condition of the station at the time, were an invitation to persons to come

there if they wished to take a train, and the maintenance of a toilet room for a long time previously, the door of which was then open, was an invitation to lady passengers to enter if they wished to use it. The plaintiff was a passenger, and the defendant owed her the highest degree of care consistent with the proper management of the business in which it was engaged. *Dodge* v. *Boston & Bangor Steamship Co.* 148 Mass. 207. The existence of a dangerous hole in the floor of the toilet room, under the circumstances, was evidence of negligence on the part of the defendant.

There was also evidence that the plaintiff was in the exercise of due care. She had been familiar with the toilet room for many years, and she had no reason to suppose that it was dangerous to enter it. That it was not then lighted was not very significant, in view of the fact that the ladies' and gentlemen's waiting rooms were also without lights except from the ticket office. The jury might find that after she entered it she did what ordinarily prudent persons might be expected to do under like circumstances.

It is contended that the plaintiff should not be permitted to recover because the accident happened on the evening of the Lord's day. This argument, if it would otherwise be valid, is answered by the St. of 1884, c. 37, which is as follows: " The provisions of chapter ninety-eight of the Public Statutes, relating to the observance of the Lord's day, shall not constitute a defence to an action for a tort or injury suffered by a person on that day."

*Exceptions overruled.*