THE WEST CHICAGO STREET RAILROAD COMPANY

*v.*

BERNHARD KROMSHINSKY.

*Opinion filed April 17, 1900.*

CARRIERS—*carrier should use highest degree of care toward passengers.* An instruction that it is the duty of a street railroad company to use the highest degree of care, consistent with the practical operation of the road, for the safety of passengers, is proper, and will not be held as misleading the jury into believing that passengers are not required to use ordinary care, where other instructions correctly present that question in plain terms.

*West Chicago St. R. R. Co. v. Kromshinsky,* 86 Ill. App. 17, affirmed.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. ELBRIDGE HANECY, Judge, presiding.

JOHN A. ROSE, and LOUIS BOISOT, Jr., (W. W. GURLEY, of counsel,) for appellant.

C. HELMER JOHNSON, (JOHN F. WATERS, of counsel,) for appellee.

Mr. JUSTICE CRAIG delivered the opinion of the court:

This is an action on the case by Bernhard Kromshinsky, against the West Chicago Street Railroad Company, to recover damages for personal injuries sustained by plaintiff while a passenger on one of defendant's cars. The declaration consists of four original counts and one

additional count. To the declaration defendant pleaded not guilty, and on a trial before a jury a verdict was returned assessing plaintiff's damages at $2800. The court entered judgment on the verdict, and upon appeal to the Appellate Court the judgment was affirmed. From this judgment of affirmance defendant appeals to this court and relies for reversal on the following errors: First, the giving of plaintiff's first instruction; and second, the refusal to admit in evidence the trip-sheet offered by the defendant.

The instruction complained of was as follows:

"The court instructs the jury that it is the duty of a railroad company to exercise the highest degree of care and caution, consistent with the practical operation of the road, for the safety and security of passengers while being transported."

The instruction declares a correct proposition of law, as has often been held by this court. *West Chicago Street Railroad Co.* v. *Johnson,* 180 Ill. 285, and cases cited; *Chicago and Alton Railroad Co.* v. *Byrum,* 153 id. 134; *Chicago, Burlington and Quincy Railroad Co.* v. *Mehlsack,* 131 id. 62.

It is, however, claimed in the argument that the instruction declares a rule applicable only to cases where the person injured is in the exercise of ordinary care. The instruction did not direct the jury that plaintiff could recover if the defendant failed to exercise the highest degree of care and caution, but it merely declared what degree of care was required by law of a common carrier of passengers. Other instructions given by the court at the request of the appellant stated in plain terms the care required of the plaintiff, and that if he failed to exercise that care he could not recover. Under these instructions, when considered in connection with the instruction of plaintiff, the jury could not have arrived at the conclusion that the plaintiff could recover unless he exercised ordinary care to avoid the injury. The instruction complained of could not have misled the jury.

In regard to the trip-sheet offered in evidence and excluded by the court, it was a mere memorandum made by the conductor. It was no record required by law to be kept. It was not even shown to have been made in the usual course of business, and we are aware of no rule of law under which it was admissible in evidence. But if it was admissible, no harm was done by its rejection, as the conductor testified on the trial to all the facts disclosed by the paper, and his evidence was not contradicted.

We find no error in the record, and the judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*