The Metropolitan Street-railway Company v. Clara Hanson and The Kansas City Elevated Railway Company.

**No. 13,179.** ( 72 Pac. 773.)

SYLLABUS BY THE COURT.

1. Personal Injuries— *When Negligence is a Question of Law.* In an action to recover damages for personal injuries resulting from the alleged negligence of another, if the facts are admitted or undisputed, and but one conclusion can be drawn therefrom, the question of whether negligence existed is one of law.

2. ——— *Duty of Street-railway Company.* A street-railway company must use the utmost degree of care and skill for the protection of passengers in the preparation and management of the means of conveyance.

Error from Wyandotte court of common pleas : William G. Holt, judge. Opinion filed June 6, 1903. Affirmed.

*Miller, Buchan & Morris,* for plaintiff in error.

*C. W. Trickett,* for defendants in error.

The opinion of the court was delivered by

Greene, J. : This was an action to recover damages for personal injuries alleged to have been sustained by the plaintiff through the negligence of the employees of the defendants, the Metropolitan Street Railway Company and the Kansas City Elevated Railway Company, while she was a passenger on one of their cars. Plaintiff recovered judgment against the Metropolitan Street Railway Company, to reverse which this proceeding is prosecuted.

The plaintiff was a passenger upon one of the elevated lines of the defendant's road from Kansas City, Mo., to the James street station, Kansas City, Kan. When the car in which she was a passenger arrived

Railway Co. v. Hanson.

at the station the doors leading into the station were opened and she alighted from the car upon an elevated structure leading into the waiting-room. The entrance is through double doors, so hung that when released from their fastenings they gravitate apart; they are held together by a rope or cord, so arranged that it can be released from its fastenings by the conductor in the rear end, or vestibule, of the car. It is the duty of the conductor, when the car stops at a station, to be in the rear of the car and release the rope, which will permit the doors to open for the entrance of passengers into the station, and when all passengers have passed through it is his duty to pull the rope, thus closing the doors, which are held shut by placing a ring attached to the end of the rope upon a peg or nail on the side of the building. On this occasion, when the car arrived at the station, the conductor was inside, and about the middle of, the car collecting fares. While at this place a passenger, without authority from the conductor, pulled the ring off the peg, thus permitting the doors to open, and while the plaintiff was passing through the doors into the station the same passenger pulled the cord which closed the doors and caught her between them, thus inflicting the injury for which she recovered. The negligence charged is as follows:

"That the conductor in charge of said car was not at his post of duty when said car arrived at said station, although said conductor and the defendant well knew that if he was absent from his post of duty passengers were liable to pull said rope and open and shut said door, and that it was negligence in said conductor in abandoning his post of duty, and negligence in his not being on the rear platform when said car arrived at said station, and it was negligence in said conductor permitting passengers on said car to open

17—67 KAN.

and close said door, and it was negligence in the mo-
torneer in opening the gates of said car before the con-
ductor had got to his post of duty on the rear platform,
and negligence in said motorneer in opening said
gates before knowing said conductor was at his post
of duty."

It was not denied that it was the duty of the con-
ductor to be in the rear of the car to open and close
these doors; that he was not at such place when the
car arrived at the station, or that he did not get to
his place in time either to open or close the doors
before the passengers had all passed into the waiting-
room. The excuse offered was that a number of pas-
sengers boarded the car just before reaching the
James street station, and he was endeavoring to col-
lect the fares and get to the rear of the car in time to
perform this duty; that because of the number of pas-
sengers and the performance of those other duties he
was unable to do so within time.

Errors are predicated upon the overruling of the de-
murrer to the evidence of plaintiff, and upon the re-
fusal of the court to submit to the jury the question
of contributory negligence of the plaintiff, neither of
which is of sufficient importance to require of us more
than to say that in our judgment no error was com-
mitted.

The principal contention is upon the giving of the
following instruction:

"It was the duty of the conductor of the defendant,
the Metropolitan Street Railway Company, in charge
of the car in question to exercise the highest possible
caution and prudence in the letting off passengers at
the station in question—the James street station of
the defendant, and it was also his duty to see and
know that the plaintiff was safely off the car and
through the doors of the waiting-room; and having
failed in his duty in that behalf, the plaintiff is enttled

to recover a verdict against the defendant.   So that the only question for you to determine in this case is how much the plaintiff is entitled to recover for the result of the injuries sustained at the time and place in question.''

The fact that the conductor was not in the rear of the car when it arrived at the James street station was undisputed.

The defendant was a common carrier of passengers, and was granted and protected in the exercise of large privileges that it might quickly and safely transport passengers upon its lines of road.   It undertook the carriage of human beings, whose lives, limbs and health are of great importance to the public, as well as to themselves.   It is held to the utmost degree of care and skill in the preparation and management of the means of conveyance which may be employed under the circumstances.   The authorities generally hold this to be the true measure of duty of such corporations.   (*Terre Haute etc. R. Co. v. Sheeks*, 155 Ind. 74, 56 N. E. 434; *McCurrie v. Southern Pac. Co.*, 122 Cal. 558, 55 Pac. 324; *West Chic. R. R. Co. v. Kromshinsky*, 185 Ill. 92, 56 N. E. 1110; *The Louisville, New Albany and Chicago Railway Company v. Snyder*, 117 Ind. 435, 20 N. E. 284, 3 L. R. A. 434, 10 Am. St. Rep. 60; *New Jersey Railroad Company v. Kennard*, 21 Pa. St. 203; *Moore v. The Des Moines & Fort Dodge R'y Co.*, 69 Iowa, 491, 30 N. W. 51; *C. P. & St. L. Ry. Co. v. Lewis*, 145 Ill. 67, 33 N. E. 960; *Ladd v. Foster*, [D. C.] 31 Fed. 827; *Jordan v. New York &c. Railroad*, 165 Mass. 346, 32 L. R. A. 101, 43 N. E. 111, 52 Am. St. Rep. 522.)

The injury occurred upon an elevated road upon which passengers, after alighting from the car, could get out of danger only by passing into the station. It was therefore the bounden duty of the company

to have some one upon the rear end of the car when it stopped at this station to open the doors for the admission of passengers into the depot, and not to close them until all passengers had passed through. To neglect these duties, or to allow passengers to undertake the performance of them, was negligence which unnecessarily endangered the lives and limbs of passengers. Whether negligence is shown is ordinarily a question for the jury; but when the facts are undisputed, and only one conclusion can be drawn therefrom, it becomes a question for the court. (*Kansas Pacific R. Co. v. Butts*, 7 Kan. 308; *U. P. Rly. Co. v. Lipprand*, 5 Kan. App. 484, 47 Pac. 625; *Dewald v. K. C. Ft. S. & G.*, 44 Kan. 586, 24 Pac. 1101; *K. P. Rly. v. Pointer*, 14 id. 37; *C. B. U. P. Rld. Co. v. Hotham*, 22 id. 41.)

The law as expressed by the court below upon the undisputed facts announced the correct rule and is amply supported by authorities.

The judgment of the court below is affirmed.

All the Justices concurring.