[No. 5387.   Decided March 10, 1905.]

A. L. HART, *Respondent*, v. SEATTLE, RENTON & SOUTHERN RAILWAY COMPANY, *Appellant*.[1]

CARRIERS—NEGLIGENCE—INJURY TO PASSENGERS ALIGHTING FROM CAR—DEGREE OF CARE AS TO PLATFORMS—INSTRUCTIONS.   In an action for personal injuries sustained by a passenger in alighting from a street car, caused by an alleged defect in the company's platform at a depot, it is not reversible error to instruct that the defendant's duty as a common carrier required the highest degree of care consistent with the reasonable and practical operation of its business, in view of the method and means of conveyance employed, where other instructions were given to the effect that carriers were bound to keep landing places in a reasonably safe condition; the rule being that something higher than merely ordinary care is required as to such places.

Appeal from a judgment of the superior court for King county, Griffin, J., entered May 14, 1904, upon the verdict of a jury rendered in favor of the plaintiff, in an action for personal injuries sustained by a passenger by reason of a defect in a station platform.   Affirmed.

*Peters & Powell,* for appellant.   The high degree of care required of carriers does not apply to grounds, depos, platforms, etc.   Thompson, Carriers, §§ 104, 309; *Kelly v. Manhattan R. Co.,* 112 N. Y. 443, 20 N. E. 383, 3 L. R. A. 74; *Lafflin v. Buffalo etc. R. Co.,* 106 N. Y. 136, 12

[1]Reported in 79 Pac. 954.

N. E. 599, 60 Am. Rep. 433; *Morris v. New York Cent. etc. R. Co.,* 106 N. Y. 678, 13 N. E. 455, 3 L. R. A. 74; *Christie v. Chicago etc. R. Co.,* 61 Minn. 161, 63 N. W. 482; *Pendleton St. R. Co. v. Shires,* 18 Ohio St. 255; *Texas etc. R. Co. v. Woods,* 15 Tex. Civ. App. 612, 40 S. W. 846.

*Averill Beavers* and *James A. Snoddy,* for respondent, cited: *Gaynor v. Old Colony etc. R. Co.,* 100 Mass. 208; *Dodge v. Boston etc. Co.,* 148 Mass. 207, 19 N. E. 373, 12 Am. St. 541, 2 L. R. A. 83; *Wallace v. Wilmington etc. R. Co.,* 8 Houst. (Del.) 529, 18 Atl. 818; *Bethmann v. Old Colony R. Co.,* 155 Mass. 352, 29 N. E. 587; *Missouri Pac. R. Co. v. Wortham,* 73 Tex. 25, 10 S. W. 741, 3 L. R. A. 368; *Jordan v. New York etc. R. Co.,* 165 Mass. 346, 43 N. E. 111, 52 Am. St. 522, 32 L. R. A. 101; *Pennsylvania Co. v. McCaffrey,* 173 Ill. 169, 50 N. E. 713; *Chase v. Jamestown St. R. Co.,* 15 N. Y. Supp. 35; *Virginia Cent. R. Co. v. Sanger,* 15 Gratt. (Va.) 230; *Knight v. Portland etc. R. Co.,* 56 Me. 234, 96 Am. Dec. 449; *McGee v. Missouri Pac. R. Co.,* 92 Mo. 208, 4 S. W. 729, 1 Am. St. 706; *Texas etc. R. Co. v. Miller,* 79 Tex. 78, 15 S. W. 264, 23 Am. St. 308, 11 L. R. A. 395; *Houston etc. R. Co. v. Dotson,* 15 Tex. Civ. App. 73, 38 S. W. 642; *Martin v. St. Louis etc. R. Co.,* 56 S. W. (Tex. Civ. App.) 1011; *Chicago etc. R. Co. v. Byrum,* 153 Ill. 131, 38 N. E. 578; *Jeffersonville etc. R. Co. v. Riley,* 39 Ind. 568; *McDonald v. Chicago etc. R. Co.,* 26 Iowa 145; *Denver etc. R. Co. v. Hodgson,* 18 Colo. 117, 31 Pac. 954; *Gulf etc. R. Co. v. Butcher,* 83 Tex. 309, 18 S. W. 583.

HADLEY, J.—This is an action for damages for personal injuries received by plaintiff upon the station platform of defendant company at Hillman City. The defendant owns and operates an electric railway between Seattle and Ren-

ton, and the plaintiff was a passenger upon one of ts cars. When the car stopped at Hillman City, the plain iff was in the act of stepping from the car to the station platform when it is alleged that it was dark. It is also alleged that, directly beneath the step of the car, a piece of wood, about two inches thick and four inches wide, was nailed along the station platform, and projected above the level thereof; that the strip ran at right angles to the longitudinal direction of the car and track, extending outward from the track the full width of the platform; that the plaintiff stepped upon the edge of this projection, when his ankle turned, causing him to fall, whereby he received severe injuries in the ankle and in both legs. The answer does not deny the condition of the platform, but avers that the defendant had no knowledge thereof, and also pleads contributory negligence. The cause was tried before a jury, and a verdict was returned for the plaintiff in the sum of $1,000. The defendant moved for a new trial, and the court required the plaintiff to elect to accept a remittance of $500 from the amount of the verdict, or submit to a new trial. The plaintiff so elected, and judgment was thereupon entered in his favor for $500. The defendant has appealed.

There is but one assignment of error. It is urged that the court erred in giving the following instruction:

"You are instructed that the degree of care to be exercised by a common carrier of passengers for hire is the highest degree of care that is consistent with the reasonable and practical operation of its business, in view of the method and means of conveyance employed."

Appellant's argument is that the high degree of care required of carriers of passengers applies only to those means for safety which the passenger must of necessity trust wholly to the carrier, and that the rule does not apply to

grounds, depots, and platforms.    It must be conceded, however, that at least reasonable care is required as to the condition of depots and platforms.    The criticized instruction does not say that the highest possible degree of care is required, but only the highest "that is consistent with the reasonable and practical operation of its business, in view of the method and means of conveyance employed."    Moreover, the following further instruction was given:

"You are instructed that it is the duty of a carrier of passengers to provide and keep the landing places and platforms used by it for discharging passengers from its vehicles, and all passage ways leading to and from such places in a reasonably safe condition for the purposes intended; and for any violation of its duty in this respect which entails injury upon a passenger, without fault on his part, the carrier will be answerable in damages."

The necessity for reasonable care was also repeated in other instructions.    We think the instructions as a whole made it clear to the jury that it was the trial court's view that not the highest possible degree, but a reasonable degree, of care was required.    That at least such was required of appellant in the care of its station platform is sustained by the following: *Bethmann v. Old Colony R. Co.*, 155 Mass. 352, 29 N. E. 587; *Jordan v. New York etc. R. Co.*, 165 Mass. 346, 43 N. E. 111; *Missouri Pac. R. Co. v. Wortham*, 73 Tex. 25, 10 S. W. 741; *Wallace v. Wilmington etc. R. Co.*, 8 Houston (Del.) 529, 18 Atl. 818; *Knight v. Portland etc. R. Co.*, 56 Me. 234; *Pennsylvania Co. v. McCaffrey*, 173 Ill. 169, 50 N. E. 713. An examination of the above authorities discloses that most of them recognize that the necessary degree of care, under such circumstances, is higher than merely ordinary and reasonable care.    We think the instructions in the case at bar were at least within, and that they certainly did not go beyond, well recognized rules.

The judgment is affirmed.

MOUNT, C. J., FULLERTON, and DUNBAR, JJ., concur.

RUDKIN, ROOT, and CROW, JJ., took no part.