AMY RAY v. CHICAGO & NORTH WESTERN RAILWAY COMPANY,
Appellant.

**Railroads:** PASSENGERS: ASSISTANCE IN ALIGHTING: CARE. The obligation of a carrier of passengers is to furnish safe and proper carriage and a safe and convenient means of entering and alighting from the vehicle, but no further personal service or attention is required. But where a brakeman volunteered to assist plaintiff to alight, when she was laboring under no disability, he was bound to exercise the degree of care in so doing which the carrier owed her until she ceased to be a passenger, which continued until she had alighted from the train and left the platform.

**Same:** NEGLIGENT ACT OF EMPLOYEE: LIABILITY OF CARRIER. From the time of becoming a passenger until the relation ceases a railway company as a common carrier is required to exercise the highest degree of care for his safety and protection consistent with the practical operation of the road; and this duty extends to guarding against injury from strangers and employees. Thus where a brakeman volunteered to assist plaintiff in alighting from the car and negligently pulled her down the steps, causing her to fall while she was exercising due care, and injury resulted, the company was liable for his negligent act.

**Same:** INSTRUCTIONS. The instructions relative to the negligence of defendant's brakeman in assisting plaintiff to alight from the car were not objectionable, as proceeding on the theory that he was required to assist plaintiff, but correctly limited defendant's liability to injury received in consequence of his assistance if negligently rendered.

*Appeal from Jones District Court.*—HON. F. O. ELLISON,
Judge.

TUESDAY, JANUARY 13, 1914.

ACTION for damages resulted in a judgment against defendant, from which it appeals.—*Affirmed.*

*Clifford B. Paul, James C. Davis, George E. Hise,* and *Henry L. Adams,* for appellant.

*Jamison, Smyth & Gorman,* for appellee.

LADD, C. J.—The plaintiff boarded defendant's westbound passenger car at Maquoketa between 6 and 7 o'clock in the afternoon of September 8, 1911, and arrived at Anamosa after dark. What happened is best explained by her:

I was sitting in the rear end of the car, and went to the west end to get off. I followed the others, and I was the last one off. I went out on the platform, walked out easy, walking careful, and started to get down. The brakeman took hold of my right hand and took hold with a jerk. As soon as he took hold I lost my balance, my feet went from under me, and I fell. It jerked the pocketbook out of my hand. The brakeman took hold and dragged me out, straight down. Pocketbook dropped down, my feet went out from under me, and I dropped, went down, struck my back, and went on my knees. Up to the time he took hold of my hand and gave me the jerk, I had not lost my balance and had not stumbled. Nothing occurred to cause me to lose my balance, except the jerk he gave me, and when I fell I struck my back on the car steps.

A bystander corroborated this story, but the brakeman swore that no one fell in getting off, and other trainmen knew nothing of the occurrence. The charge of negligence is that the employee carelessly and negligently assisted plaintiff to alight.

As contended by appellant, the carrier, if proper facilities are afforded for safely alighting, is not ordinarily required to furnish assistance in so doing. "The contract of the carrier is that he will carry the passenger safely and in a proper carriage and afford him convenient and safe means for entering and alighting from the vehicle in which he carries him, but he

1. RAILROADS:
passengers:
assistance in
alighting: care.

does not contract to render him personal service or attention beyond that." *Raben v. Railway*, 74 Iowa, 732. See *McGovern v. Railway*, 136 Iowa, 13.

As plaintiff was laboring under no disability, and the means of entering and leaving the car were not claimed to have been unsafe, the brakeman might have allowed plaintiff to pass therefrom to the depot platform without aid, but, having undertaken to help her, he was bound to exercise the degree of care for her safety which the carrier owed her until she ceased to be a passenger.

As there was no delay, the relation of carrier and passenger did not terminate until she had alighted from the train and had left the platform. Section 1592, Elliott on Railroads; section 1016, Hutchinson, Carriers.

From the time of becoming a passenger until that relation ceased, the defendant was required to exercise the highest degree of care for her safety and protection consistent with the practical operations of its road as a common carrier. *Dieckmann v. Railway*, 145 Iowa, 250; *Moore v. Railway*, 69 Iowa, 491; Fetter, Carriers of Passengers, section 55 *et seq.* "It is the duty of the company to provide for the safe receiving and discharge of passengers. It is bound to exercise the strictest of vigilance not only in carrying them to their destination but also in setting them down safely, if human care and foresight can do so." *Railroad Co. v. Buck*, 96 Ind. 357 (49 Am. Rep. 168).

This duty extends to guarding against injury from strangers as well as from its own employees. Section 1093, 1094, Hutchinson on Carriers; Fetters on Carriers of Passengers, section 365. It is not so important, then, to inquire whether the brakeman was acting within the scope of his particular duties as to ascertain whether there was any lapse by reason of what he did on the part of defendant from the degree of care exacted. Kissing the plaintiff in *Craker v. Railway Co.*, 36 Wis. 657 (17 Am. Rep. 504), was not within the scope of the conductor's employment, but the court de-

nounced the act as a breach of the carrier's contract "to protect against all the world."' In affording protection and carrying safely, the officers of the train represent the company, and the latter is quite as responsible whether the want of care (commission or omission) be owing to some fault of those in charge of the train or due to defects in the means of transportation. See Fetter on Carriers of Passengers, section 365 *et seq.*

Passengers riding on railroad trains are peculiarly under the control of the carrier's agents and are practically helpless in guarding against intrusions on their part, and so the law

2. SAME: negligent act of employee: liability of carrier.

is settled that a railroad company is responsible for any acts of its servants on the train which tend to injure or humiliate the passenger. Section 1094, Hutchinson on Carriers; Fetter on Carriers of Passengers, section 365. If, then, defendant's brakeman, though not required to assist plaintiff in alighting from the train, undertook so to do by seizing her hand and so jerking her as to cause her to lose her balance, fall, and suffer injury therefrom, and in so doing, the brakeman was negligent, the company is liable therefor, unless this occurred through some fault of plaintiff. This is on the ground that therein the company failed to exercise that high degree of care for her safety which the law exacted. It follows that the court did not err in the fourth and other instructions in declaring it to have been the duty of defendant to use the highest degree of care, vigilance, and foresight for the safety of its passengers that is consistent with the proper and practical operation of its road, and to provide for the safety and security of its passengers while being transported and while they are getting on and off its trains at its stations or depots, and not expose them to any danger which human care and foresight could reasonably anticipate and guard against.

Nor was there error in saying to the jury in the seventh instruction that if, when plaintiff

reached the steps of the car and attempted to alight from said train, the defendant's brakeman or other employee authorized to perform some duty about said train or its passengers

3. SAME: instructions.

took hold of plaintiff and in a careless, reckless, and negligent manner, pulled the plaintiff down upon the steps of said car, causing her to be injured by falling on the steps of said car, or on the depot platform, and you find that the plaintiff was exercising ordinary care and prudence for her own safety at the time, and that the defendant's said brakeman or other employee was not exercising that high degree of care and diligence for the plaintiff's safety which was required of him, as elsewhere explained in these instructions, but was guilty of negligence, and if you further find that the plaintiff's injuries, or any part of them, are the proximate result of the said negligent acts of defendant or its said employees, and that but for such negligence on the part of the defendant and its said employees the plaintiff would not have been injured, then the plaintiff would be entitled to recover, and you should so find.

No decisions have been called to our attention where the carrier has been relieved of responsibility because of the service rendered negligently having been to a passenger other than one to whom such service was owing, and we apprehend none can be found. The breach of duty is that of the carrier in failing to transport safely as exacted by its contract, and any negligence of its employees in performing this obligation is that of the carrier.

The instructions do not proceed on the theory that the brakeman was required to assist plaintiff to alight but clearly limit defendant's liability to such injury as she may have received in consequence of his assistance if negligently rendered.

There was no error, and the judgment is *Affirmed*.

WEAVER, C. J., and EVANS and PRESTON, JJ., concur.