SHERM FAGG, Appellee, v. MINNEAPOLIS & ST. LOUIS RAILROAD COMPANY et al., Appellants.

CARRIERS: Carriage of Passengers—Assault on Passenger by
1 Brakeman. A carrier is responsible in damages for an assault on a passenger committed by the carrier's brakeman for the purpose of punishing an affront personal to the brakeman.

ASSAULT AND BATTERY: Justification—Abusive Words—Car-
2  riers. Mere words, no matter how abusive or insulting, do not
justify an assault, but may and should be, in a proper case, consid-
ered in mitigation of damages.

TRIAL:    Instructions—Form, Requisites and Sufficiency—Correct
3  Though Inexplicit. The right to explicit instructions will be con-
sidered waived in the absence of a request therefor, when the in-
structions given are correct as far as they go. So *held* as to in-
structions governing matters in mitigation of damages.

TRIAL:    Argument—Opening and Closing—Determination of Right.
4  The right to open and close an argument is usually controlled by
the pleadings. *Held*, motion made at the close of all the.evidence,
that defendant be granted the right to open and close, was properly
denied, the record then showing serious dispute as to issues on
which plaintiff, under the pleadings, had the burden of proof.

TRIAL:    Special Interrogatories—Non-Controlling Matters. Special
5  interrogatories, calling for non-controlling matters and matters
not of ultimate fact, are properly refused.

*Appeal from Marshall District Court.*—B. F. CUMMINGS,
Judge.

FRIDAY, APRIL 7, 1916.

ACTION at law to recover damages from defendant rail-
way company and C. A. Burtchby, a brakeman, for an assault
committed by said brakeman upon plaintiff while a passenger
on one of the trains of the railway company. Many defenses
were pleaded, which will be noticed in the body of the opinion.
Upon trial to a jury, a verdict of $300 was returned for plain-
tiff, and defendants appeal.—*Affirmed.*

· *C. H. E. Boardman, W. H. Bremner* and *F. M. Miner,* for
appellant.

*Davis & Cameron* and *C. H. Van Law,* for appellee.

DEEMER, J.—I. Plaintiff was a passenger upon one of
defendant railway company's trains from Marshalltown to
Gifford. He boarded the train in an intoxicated condition and
went to the forward end of the car, taking a seat which was
within two or three seats from the water-closet of the car. He

wished to use this closet, but found it locked, until finally the brakeman came through and unlocked it for him. At that time, plaintiff complained to the brakeman of the way he was performing his duties and they had some trouble, verbal or otherwise, before plaintiff went into the closet. As he was entering the closet, the brakeman was leaving the car to go about his work, and he (plaintiff) then called the brakeman a vile name. Plaintiff went into the closet and the brakeman into the baggage car, and it so happened that, as plaintiff came out from the closet, the brakeman was again entering the coach by the front door, and they met at the forward end of the car. What then happened is a matter of serious dispute. According to plaintiff's contention, he had resumed his seat, and the brakeman, angered because of the vile name applied to him, dragged him therefrom out in the aisle of the car, pushed and jammed his head against the corner of the water-closet or the front end of the car, struck him with his fist, and demanded that he take back what he said, and kept striking him on the face and head until he finally took it back, and, after he had received this punishment, the brakeman and the newsboy, who was close at hand, carried or pushed him in a limp condition into a seat in the car, where he remained until he reached his destination, and, at the suggestion of an attorney, upon whom he called, went to a doctor's office, where his wounds were dressed. According to defendant's version, when the two men met at the front of the car after plaintiff came from the water-closet, plaintiff pushed the brakeman to one side of the car and toward, if not against, the stove, and the brakeman then got back of the plaintiff and pushed him against the front end of the car and there pushed and struck him two or three times, demanding that he recant his statement, which he finally did, and the plaintiff thereafter, without any assistance, resumed the seat he had taken when he entered the car. It is admitted that plaintiff was intoxicated, and practically admitted that the brakeman struck and punished the plaintiff because of the offensive remark

made of him (the brakeman) and demanded that he (plaintiff) take it back. The case was submitted on the theory that both defendants were liable for the assault, unless it was justifiable in defense of the person of the brakeman; and that the offensive remark made by plaintiff was no justification for the assault, although such remark might be considered in mitigation of damages.

Appellants challenge this theory of the case, basing their argument upon the proposition that, if the brakeman committed the assault because of the offensive remark by plaintiff, he did so for his own purposes, and not as an

**1. CARRIERS: carriage of passengers: assault on passenger by brakeman.**

agent or servant of the defendant railway company, and that, as such an assault was outside of the scope of his employment, the defendant railway company is not responsible. There are some old cases which adhere to this doctrine. *Peavy v. Georgia R. & Bkg. Co.* (Ga.), 12 Am. St. Rep. 334; *Wise v. South Covington & C. R. Co.* (Ky.), 34 S. W. 894; *Little Miami R. Co. v. Wetmore,* 19 Ohio St. 110 (2 Am. Rep. 373). But the great weight of modern authority is to the contrary. See *Nesbit v. Chicago, R. I. & P. R. Co.,* 163 Iowa 39, and cases cited; *Garvik v. Burlington, C. R. & N. R. Co.,* 131 Iowa 415; *Ray v. Chicago & N. W. R. Co.,* 163 Iowa 430; *Neuer v. Metropolitan Street Ry. Co.* (Mo.), 127 S. W. 669; *Baltimore & Ohio R. Co. v. Barger* (Md.), 26 L. R. A. 220. Indeed, the Georgia court itself has come to the modern rule and overruled its previous decision, heretofore cited, in *Mason v. Nashville, C. & St. L. R. Co.,* 33 L. R. A. (N. S.) 280 (135 Ga. 741). See also *Birmingham Ry. & Electric Co. v. Baird* (Ala.), 54 L. R. A. 752. An all-sufficient reason for the modern rule is that a railway company as a carrier of passengers is bound to the exercise of care to protect from assaults, whether by strangers or others, those who take passage, and it is no answer to say that the assault was committed by one without authority, even if that one be one of its own employees. See cases heretofore cited.

II.   But one of the instructions given by the trial court was excepted to, and that reads as follows:

"No words alone, however opprobrious or insulting, will justify an assault and battery by the person to whom they are addressed, but the words and the circumstances and the manner in which they are uttered may be considered by the jury in mitigation of any damage to which the plaintiff would be entitled.   Even if the plaintiff attempted to strike the brakeman, Burtchby, this would not justify the latter in doing more than was reasonably necessary to protect himself from the assault."

2. ASSAULT AND BATTERY: justification: abusive words: carriers.

The exception was upon the ground that abusive or opprobrious words applied to a brakeman might be such as to relieve his master from liability, on the theory that, in avenging the assault, the brakeman alone would be responsible.   As we have already observed, the law premise in the argument is faulty.

Mere words, no matter how abusive, or insulting, do not justify an assault; but, as the trial court said, they may and should be considered in mitigation of damages.   See cases heretofore cited, and *Shoemaker v. Jackson*, 128 Iowa 488; *Lund v. Tyler*, 115 Iowa 236. Defendants asked no instruction on the question of mitigation of damages, and did not except to the one given because it did not adequately cover that proposition; hence they are in no position to complain.

3. TRIAL: instructions: form, requisites and sufficiency: correct though inexplicit.

III.   After all the testimony was adduced in the regular way as if plaintiff had the burden of proof, as he undoubtedly did under the pleadings, defendants asked the right to open and close the argument.   This was denied, and in this there was no prejudicial error.   At that time, there was a serious dispute in the testimony regarding the nature and extent of plaintiff's injuries, and as to whether or not there was any such assault as plaintiff complained of.   The

4. TRIAL: argument: opening and closing: determination of right.

burden was on plaintiff to show the nature and character thereof, and, after that was settled, the burden was doubtless on defendants to show the mitigating circumstances, or the justifiable character of the assault. *Woodward v. Laverty,* 14 Iowa 381. As a rule, the right to open and close is not determined by the evidence adduced, but by the pleadings. Although there are doubtless some exceptions to the rule, no such exceptions appear in this record.

IV. Defendants asked the court to submit a number of special interrogatories, which were refused. As answers thereto would not have been controlling, no matter whether in the affirmative or the negative, and as they did not call for ultimate but really evidentiary facts, there was no error here. *Engvall v. Des Moines City R. Co.,* 145 Iowa 560; *Morbey v. Chicago & N. W. R. Co.,* 116 Iowa 84, and cases cited.

5. TRIAL: special interrogatories: non-controlling matters.

V. Some rulings on testimony are complained of, but upon examination we find no prejudicial errors. If any were committed, they were corrected before the evidence was closed. It is unnecessary to specifically refer thereto, as they raise no new or doubtful questions. The verdict is small and has ample support in the testimony, and the judgment must be, and it is—*Affirmed.*

EVANS, C. J., WEAVER and PRESTON, JJ., concur.