## Smith v. City of Cairo.

1. *Personal Injuries—Care and Diligence.*—A person afflicted with physical disabilities to a degree impairing his power of locomotion must be held to the duty of exercising a degree of care commensurate with and proportionate with her known infirmities and inabilities to observe obstacles in her path and pursue her way in safety.

2. *Diligence and Care Required of Persons with Defective Vision, etc.*—A person afflicted with defective vision and partially disabled in limb, and incumbered with a bundle in her arms, in passing over inequalities and uneven places in sidewalks, that other persons having normal powers of vision and normal strength, and suppleness of limb, would readily discern and without conscious effort pass over in perfect safety, will be held to exercise greater care and prudence to pass along and over such places in safety than is required of others having ordinary powers of sight and locomotion.

3. *Ordinary Care, etc.*—When a person, for reasons peculiar to herself, must be more prudent and use greater care than would be required of others, such greater care becomes only ordinary care in the meaning of the law.

4. *Trials by Jury—Design and Purpose.*—The design and purpose of trials by jury is to secure a verdict according to the merits of the case under the law, and a judgment upon such a verdict will not be reversed even if slight errors were committed upon the trial in the admission of improper evidence or in giving or refusing of instructions.

Memorandum.—Action of case for personal injuries. Writ of error to the Circuit Court of Alexander County, to reverse a judgment of that court in favor of the defendant; the Hon. OLIVER A. HARKER, Circuit Judge, presiding. Heard in this court at the November term, A. D. 1891, and affirmed. Opinion filed January 5, 1893.

The opinion of the court states the case.

LANSDEN & LEEK, attorneys for plaintiff in error.

DEFENDANT'S BRIEF.

" A city is not required to have its sidewalks so constructed as to secure immunity from injury in using them, nor is it bound to employ the utmost care and exertion to that end. It, under the law, is only required to see that its sidewalks are reasonably safe, and reasonably safe for persons exercising ordinary care and caution in using them." City of Chicago v. McGiven, 78 Ill. 347.

GREEN & GILBERT, attorneys for defendant in error.

OPINION OF THE COURT, *the Hon. Carroll C. Boggs, Judge.*

The stone pavement on the east side of Commercial avenue in the center of the block between Sixth and Eighth streets, immediately in front of the Sadler building, in Cairo, Illinois, was so constructed that it was higher than the pavement in front of the adjoining building. In the center of the walk the difference in height was two inches.

The plaintiff in error while attempting to pass along the walk at the point named, by reason; as she claims, of this unevenness in the walk, was tripped and thrown down, and the elbow joint of her right arm fractured. She instituted an action in case against the city to recover damages for the injury. Upon the trial before a jury the verdict and judg-

ment was against her, and this is a writ of error brought to obtain a reversal of the judgment.

It is assigned for error, that improper evidence was admitted in behalf of the city, and improper instructions given in the same behalf, and that proper instructions asked in her behalf were refused.

After a careful examination and consideration of the evidence produced by the plaintiff in error in support of her cause, regardless of that offered by the defendant in error, we have reached the conclusion that it fails to establish a right of recovery, and that the verdict of the jury was right, and should, and doubtless would have been the same, had the alleged errors not intervened.

If we are right in this it is not important to inquire as to the alleged admission of improper evidence in favor of the city, or as to the correctness of the rulings of the court in giving or refusing instructions.

It appears from the evidence on the part of the plaintiff as to the material facts in the case, that the plaintiff, at the time she received the fall complained of, was of the age of fifty-six years, and had for more than twenty-five years been a great sufferer from rheumatism. So severe had been this affliction that the knee joint of her right limb and the elbow of her right arm had become stiffened., Her own statement is that she was what " one would call a stiff-kneed person," and that she realized when walking that she had a stiffened limb.

She indicated to the jury the manner in which she would reach a higher from a lower step, and testified in relation thereto, from which it appeared that she would rise from a lower to a higher level by making the upward step with the left foot, and bringing the right limb up without bending the knee. Dr. Parker, who attended and dressed her injured arm, testified that the bone of the elbow of her right arm was fractured by the fall, but that the elbow joint had been destroyed by some previous inflammation, and that she explained to him it had been stiff for some years before, as the result of an attack of rheumatism. He further testified

Smith v. City of Cairo.

that because of anchylosis of the joint, by which is meant a stiffness of the joint where the bone is partially destroyed, the fractured bones could not be reset. In addition to being disabled in arm and limb the plaintiff in error had another infirmity. Her vision was defective. She was near-sighted and in one eye affected with astigmatism. One of the effects of astigmatism upon the vision is to impair the power to discover that there is a difference in the elevation of adjoining level surfaces, and to accurately determine the height of the more elevated above that of the lower surface, if a difference in the elevation is observed. One so affected could not, with the same certainty as would others free from such an impairment of the vision, determine the height to which the foot should be lifted in order to reach a higher surface, even if conscious that an inequality existed.

The plaintiff in error had lived in Cairo for nearly twenty-five years. At the time of her injury she was, and for some time before had been, engaged in the business of canvassing the city, soliciting orders for and delivering medical band corsets, and other articles. She had frequently passed over the walk in question. She was carrying in her hand or arm a number of corsets at the time she received the fall. It appeared from the testimony of John B. Shea, one of her witnesses, that she approached the place of her injury with her head inclined upward and with evident lack of attention to things around her. Excluding all testimony offered by the city and accepting the case thus made and presented to the jury we think the verdict was right.

There was an inequality in the surface of the walk. It is not reasonable to require nor practicable for cities to have perfectly smooth and level walks. We do not wish to be understood to hold that, under no circumstances could the city be held liable for an injury occasioned by the unevenness of this walk; but in the case at bar we are of the opinion that no right of recovery existed in favor of the plaintiff in error. One affected with defective vision and partially disabled in limb and arm as she was, incumbered

with a bundle as she was, must be held to the duty of exercising a degree of care commensurate with and proportionate with her known infirmities and inability to observe and avoid obstacles in her path, and pursue her way in safety.

Inequalities and unevenness in a walk that others, having normal powers of vision and normal strength and suppleness of limb, would readily discern and without conscious effort pass over in perfect safety, would prove obstructions to her dragging footsteps and sources of possible danger.

Her defective vision in a measure deprived her of the power of knowing that elevations and depressions existed, and to a still further degree, of power of accurately determining the height to which the foot must be lifted to reach a higher level. The lifting of the foot in order to clear a slight elevation which to one of normal vision and limb is almost instinctive and automatic, was to her an act only to be performed by conscious mental and physical effort and exertion involving the exercise of thought, force and deliberation. Wherever walking, upon a pavement or elsewhere, greater care and prudence was necessary upon her part to pass along with safety, than others having ordinary powers of sight and locomotion were required to exercise.

When one, for reasons peculiar to herself, must be more prudent and use greater care than would be required of others, such greater care becomes only ordinary care in the meaning of the law. 16 Eng. and Am. Ency. page 400–401.

The evidence impresses us with the conviction that the injuries received by the plaintiff resulted chiefly from her physical disabilities and failure to exercise that degree of prudence and circumspection which, at the time in question, was, in her case but ordinary care. Therefore the verdict of the jury was right upon the merits of the case as disclosed by the evidence produced in behalf of the plaintiff.

The design and purpose of trials before a jury is to secure a verdict according to the merits of the case under the law, and a judgment upon such a verdict will not be reversed even if errors were committed upon the trial in the

admission of improper testimony, or in the giving or refusing of instructions. Newkirk v. Cone, 18 Ill. 449.

Substantial justice having been accomplished by the judgment, it must be and is affirmed.