## Chicago & Alton Railway Company v. Annie H. Noble.

### Gen. No. 4.661.

1. PASSENGER AND CARRIER—*duty of latter to former.* It is the duty of a carrier to use the highest degree of care, skill and diligence, reasonably practicable and consistent with the operation of its railroad, in providing passengers an opportunity and the means necessary to a safe passage from the train.

2. PASSENGER AND CARRIER—*care to be exercised by former in seeking to alight.* A passenger seeking to alight from a railroad train when encumbered with bundles or parcels so as to interfere with or impede locomotion should exercise a degree of care commensurate with the situation and surroundings.

3. ORDINARY CARE—*when question one of law.* While the question of ordinary care on the part of a plaintiff is ordinarily one for the jury, yet where the plaintiff's own evidence, which was the only evidence on the question of her care, shows that she was not in the exercise of ordinary care, is free·from conflict and the facts are undisputed and conclusively proved, so that there can be no chance of drawing different conclusions from them, then the question of ordinary care becomes one of law for the court.

· Action in case for personal injuries. Appeal from the Circuit Court of Will county; the Hon. ALBERT O. MARSHALL, Judge, presiding. Heard in this court at the April term, 1906. Reversed, with finding of facts. Opinion filed October 16, 1906. Rehearing denied April 4, 1907.

J. L. O'DONNELL and T. F. DONOVAN, for appellant; WINSTON, PAYNE & STRAWN, of counsel.

CORLETT & CLARE, for appellee.

MR. JUSTICE THOMPSON delivered the opinion of the court.

This was an action in case by appellee against appellant to recover for personal injuries sustained by appellee while alighting from appellant's passenger train at Wilmington, in Will county. There was a verdict and judgment in favor of appellee for $500.

The declaration consists of seven counts, and alleges that appellee was a passenger for reward, in the

exercise of ordinary care for her safety on the train of appellant, and, in several ways, that appellant was negligent in not furnishing a foot stool to assist appellee in alighting; that the lower step of the coach was such a distance from the platform as to expose appellee to danger and risk in passing from the train, and that the train was suddenly and violently started, etc., by means of which appellee was injured.

The assignment of error most strenuously insisted upon is that the evidence does not support the verdict, and that the court should have directed a verdict for the appellant, because of the want of ordinary care on the part of appellee. It is the duty of a carrier to use the highest degree of care, skill and diligence, reasonably practicable, consistent with the operation of its railroad in providing passengers an opportunity and the means necessary to a safe passage from the train, and at the same time passengers must exercise ordinary care for their own safety. Penn. Co. v. McCaffrey, 173 Ill. 169.

The testimony of the appellee shows she is about forty-five years of age and had been a travelling canvasser for fourteen years, residing all that time in Wilmington, and canvassing the towns in her immediate vicinity. She took the train at Dwight and arrived at Wilmington at 6:20 in the evening of April 25th, while it was still daylight. The train stopped, with the steps of the car she was in, immediately opposite the window of the depot building. Appellee, after the train stopped, arose from her seat carrying a market basket two feet long by one foot wide in one hand and a small valise in the other. When she came to the car steps she saw the porter standing at the west side of the steps; she looked for the foot stool before she stepped down and saw there was none there, and then stepped down without taking hold of the hand railing on either side and fell to her knees. She thinks the step down was two or two and a half

feet. The porter did not assist her nor offer to assist her, and she did not ask him to, as she states it, "for the simple reason I had been insulted by a nigger once getting on a car—I asked him to help me and he told me I ought to have a box car." "This porter had never said anything uncivil to me." "The train was stopped when I got off." "I saw the foot stool was not there." She had got on and off trains there a great many times.

While the question of ordinary care on the part of the plaintiff is a question for the jury, yet where the plaintiff's own evidence, which was the only evidence on the question of her care, shows that she was not in the exercise of ordinary care, is free from conflict and the facts are undisputed and conclusively proved, so that there was no chance for drawing different conclusions from them, then the question of ordinary care becomes a question of law for the court, and it is the duty of the court to give a peremptory instruction on request. Ackerstadt v. Chicago City Ry. Co., 94 Ill. App. 130, affirmed in 194 Ill. 616; 23 Am. & Eng. Ency. of Law, 558.

The appellee seeing the height of the step and that there was no foot-stool on the platform, stepped off the step to the platform, with both arms encumbered with basket and valise, without attempting to guide or steady herself by either hand rail of the car. A person encumbered with bundles or parcels so as to interfere with or impede locomotion should exercise a degree of care commensurate with the situation and surroundings. This is only ordinary care. Smith v. City of Cairo, 48 Ill. App. 166.

The evidence of appellee clearly showed she did not exercise ordinary care or prudence for her own safety, but as she says, deliberately stepped from a car step which she states she saw, before stepping off, was two or two and one-half feet above the platform. As we are of opinion that appellee's proof showed she was not entitled to recover, it is unnecessary to state the

proof introduced by appellant further than to state that it did not make a case for appellee.

The instruction directing a verdict for appellant should have been given. It is not necessary to review the other questions argued. The cause will be· reversed for the reason above given.

*Reversed.*

Finding of facts to be incorporated in the judgment of the court: We find that plaintiff was injured because of her own negligence and want of ordinary care for her own safety.