620    APPELLATE COURTS OF ILLINOIS.

McAvoy v. St. L., Springfield & Peoria R., 180 Ill. App. 620.

## Josephine McAvoy, Appellee, v. St. Louis, Springfield & Peoria Railroad, Appellant.

1. CARRIERS—*duty to use highest degree of care.* It is the duty of a carrier of passengers to use the highest degree of care, skill and diligence reasonably practicable, consistent with the operations of a railroad, in providing passengers an opportunity and the means necessary to a safe passage from its cars, and at the same time passengers must exercise ordinary care for their own safety.

2. NEGLIGENCE—*when question of due care becomes one of law.* In a personal injury action where the plaintiff's own negligence on the question of her care is free from conflict and the facts are undisputed and conclusively proved, so that there is no chance of drawing different conclusions from them, the question becomes one of law for the court, and if the plaintiff did not use ordinary care for her own safety, it is the duty of the court to give a peremptory instruction on request.

3. NEGLIGENCE—*where plaintiff does not use due care.* Where plaintiff, who was three months pregnant, in getting off an interurban car which had run past the platform, jumped from a step three feet from the ground, she was not in the exercise of ordinary care for her own safety and is not entitled to recover for injuries sustained.

CREIGHTON, J., dissenting.

Appeal from the Circuit Court of Sangamon county; the Hon. JAMES A. CREIGHTON, Judge, presiding. Heard in this court at the October term, 1912. Reversed with finding of fact. Opinion filed March 18, 1913.

H. C. DILLON and GRAHAM & GRAHAM, for appellant; G. W. BURTON, of counsel.

DRENNAN & LAWLER, for appellee.

MR. PRESIDING JUSTICE THOMPSON delivered the opinion of the court.

This is an action in case brought by appellee against appellant to recover damages for personal injuries sustained by appellee because of the alleged negligence of appellant, while alighting from its electric passenger car. There was a verdict and judgment in favor of appellee for $1,500.

The appellee, her husband and their three children were passengers on appellant's car coming from the north from Chatham to West Auburn, and alighted at West Auburn about five o'clock in the afternoon of September 3, 1911. The station at that place consists of a small building and a wooden platform on the east side of the track which runs north and south. The platform was about ten or twelve feet long and six to eight feet wide and was about three inches higher than the rails of the track. The rear end of the car when it stopped was about eight feet south of the platform, the car having run past the platform. The road bed at the place of the accident was ballasted with fine shale, which extended from between the rails of the track to a few feet each way, outside of the rails. Beginning at the rail the road bed sloped away from the track, the slope being about seven inches in three feet and is the greatest near the rail. When the car stopped south of the platform, a Mrs. Cummings with a little boy got off, then appellee's husband got off with their youngest child, then the conductor alighted and helped her two remaining children off, then appellee, who had been pregnant about three months, stepped down upon the bottom step and hesitated a moment, but having seen the other passengers jump off she did the same. When she jumped she came near falling and threw her arm back and caught hold of the car. The distance from the lower step to the ground was about three feet. Immediately after appellee jumped, she had pains and suffered a miscarriage about three o'clock next morning. Appellee testifies that she never had a miscarriage before, but there is evidence tending to prove that she had had two former miscarriages. The foetus of which she was delivered weighed about two ounces and was about three inches in length. About ten days after the miscarriage, her physician found a tear about an inch deep in the neck of the womb, and found her suffering with metritis and endometritis, from which in his judg-

ment she had been suffering for some months. The conductor neither assisted her nor furnished a stool to aid her in alighting, but with her husband stood near and saw her jump. The appellee knew at the time she jumped from the car that she was pregnant.

It is the duty of a carrier of passengers to use the highest degree of care, skill and diligence reasonably practicable, consistent with the operations of a railroad in providing passengers an opportunity and the means necessary to a safe passage from its cars, and at the same time passengers must exercise ordinary care for their own safety. *Pennsylvania Co. v. McCaffrey*, 173 Ill. 169; *Galena & C. U. R. Co. v. Fay*, 16 Ill. 558; *Chicago & A. R. Co. v. Noble*, 132 Ill. App. 400; *Hoylman v. Kanawha & M. R. Co.*, 22 L. R. A. (N. S.) 741 and note, 65 W. Va. 264.

While the question of ordinary care on the part of a plaintiff is a question for the jury, yet where the plaintiff's own evidence on the question of her care is free from conflict and the facts are undisputed and conclusively proved, so that there is no chance of drawing different conclusions from them, then the question of ordinary care becomes a question of law for the court, and if the plaintiff did not use ordinary care for her own safety, then it is the duty of the court to give a peremptory instruction in request. *Ackerstadt v. Chicago City Ry. Co.*, 94. Ill. App. 130, affirmed 194 Ill. 616; 23 Am. & Eng. Ency. of Law, 558.

The appellee was three months gone in the family way and knew her condition. She saw the distance from the step to the ground. It was her duty to use the degree of care that any prudent adult person would have used commensurate with her condition and surroundings. From her own statement she did not use ordinary care and prudence for her own safety, the care that an ordinarily prudent person in her delicate condition would have used, but deliberately jumped from a step that she saw was three feet from the ground. Since the appellee's own evidence shows

THIRD DISTRICT—MARCH, 1913.        623

Moore v. Springfield & N. E. Traction Co., 180 Ill. App. 623.

that she was not in the exercise of due care she was not entitled to recover. It is not necessary to review the other questions presented. The instruction directing a verdict for appellant should have been given. The judgment is reversed with a finding of fact.

*Reversed with a finding of fact.*

Finding of fact to be incorporated in the judgment of the court: We find that appellee was injured because of her own negligence and want of ordinary care for her own safety.

MR. JUSTICE CREIGHTON dissenting.